UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY TRAWEEK** | : | **CIVIL ACTION** |
| | : | **NO. 19-1384    SECTION "F" 1** |
| **VERSUS** | | |
| | : | **JUDGE MARTIN FELDMAN** |
| **MARLIN GUSMAN, ET AL.** | | |
| | : | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

Defendant James LeBlanc herein opposes Plaintiff's *Motion to Compel*,[1] which seeks to compel Defendant LeBlanc to provide additional responses to Plaintiff's Request for Production of Documents #26 ("RFP 26"). RFP 26 is contained within Plaintiff's Fourth Set of Requests for Production of Documents which were propounded to Defendant LeBlanc on April 29, 2020. The *Motion to Compel* should be denied because the parties have not conferred and Plaintiff failed to make a good faith attempt to confer prior to filing the *Motion* as required by Fed. R. Civ. Pro. 37(a)(1). Furthermore, the Defendants' objections to RFP 26 should be sustained and Plaintiff's *Motion* should be denied on the merits. Finally, Plaintiff failed to meet his burden of proving he is entitled to sanctions.

**I.    FACTUAL TIMELINE REGARDING THE DISCOVERY AT ISSUE**

Plaintiff's *Motion to Compel* only seeks to compel responses to RFP 26 but some circumstances preceding service of RFP 26 are relevant.

---
[1] Rec. Doc. 95.

1

Plaintiff's Second and Third Requests for Production were propounded on the Defendants on January 13, 2020 and February 20, 2020, respectively. Therein, Plaintiff requested:

- RFP 22 - Data**:** All data necessary to generate pull documents like the February 2019 Pull Document, but for all other months from January 2012 to the present.
- RFP 23 - Access: If the DOC will not provide the data above, please provide access to the CAJUN system so that Plaintiff can generate pull documents like the February 2019 Pull Document, but for all other months from January 2012 to the present.
- RFP 24 - Translation into Reasonably Accessible Form: If the DOC will not provide the data or the access above, please translate the data into a reasonably usable form by generating monthly pull documents like the February 2019 Pull Document.
- RFP 25 - All CAJUN Time Computation Worksheets within the last six months with "must serve" values of zero or less than zero, including both worksheets currently in CAJUN and those in paper form.

On February 28, 2020 the Defendants responded to RFPs 22-25, including detailed objections of vagueness, relevance, overbreadth, undue burden, and qualified immunity.[2]

A telephone conference to discuss RFPs 22-25[3] was scheduled by counsel for the Plaintiff on April 6 after a lengthy email exchange regarding the topics that would be discussed.[4] On April 20, 2020 counsel for the plaintiff and counsel for the defendant conferred by telephone regarding the answers to RFPs 22-25. Counsel for the Plaintiff recorded the conference. Nine days later, on April 29, 2020, the Plaintiff propounded the Fourth Set of Requests for Production (RFPs 26 and 27) in direct response to and, allegedly, in accordance with the conference.[5] RFPs 22-25 are not part of the Plaintiff's Motion to Compel.

Plaintiff's Fourth Set of Requests for Production seek the following information:

- RFP 26 - All time computation worksheets for DOC inmates who were sentenced to parish time but who were sent to the DOC.

---

[2] Exhibit 1 – Plaintiff's Second and Third Requests for Production of Documents
[3] RFPs 22-25 are reflections of similar Requests for Production propounded in *Rodney Grant v. Marlin Gusman et al*. Plaintiff filed a Motion for Spoliation of Evidence / Motion to Compel in *Grant*, which was ultimately denied by the Court for being overly broad and insufficiently "narrowly tailored." *Rodney Grant v. Marlin Gusman et al*. 17-cv-2797 E.D.LA. 2020 WL 1864857 (E.D.LA. April 13, 2017) (Finding Plaintiff's request was not "narrowly tailored" and was unduly burdensome.)
[4] Exhibit 2 – Email Exchange on April 20, 2020 Meet and Confer
[5] Rec Doc. 95-4 at p. 6 – From Most, William on April 29, at 8:40 AM.

- RFP 27 - All time computation worksheets for all DOC inmates who were convicted in Orleans parish and granted credit for time served in an amount greater than or equal to their sentence.[6]

RFP 26 and 27 clearly seeks some of the same information as RFP No. 25. Accordingly, on April 29, 2020, the same day RFPS 26 and 27 were propounded by email to the Defendants, counsel for the Defendants emailed counsel for the Plaintiff asking for clarification as to whether RFPs 26 and 27 superseded or limited the scope of RFP 25, which had been discussed on April 20, 2020.[7] Counsel for the Plaintiff responded shortly thereafter stating: "No, these are in addition to. Hopefully the protocol we proposed [during the April 20 conference] should resolve the issues about the prior RFP."[8]

Five days later on May 4, 2020, counsel for the Defendants emailed counsel for the Plaintiff regarding RFPs 26-27. The Defendants provided a detailed explanation as to why RFPs 26 and 27 were overly broad, burdensome, not narrowly tailored as required by qualified immunity, and why RFP 26 was not an accurate representation of the conversation that had been held on April 20. Defendants further suggested ways RFPs 26 and 27 could be more narrowly tailored. Defendants requested Plaintiff resend RFPs 26 and 27 with more narrowly tailored criteria.[9] Plaintiff's counsel responded by email, later that day.[10] In pertinent part, counsel for the Plaintiff stated "we will agree to narrow the scope of the requests to a period of May 2, 2017 (one year prior to Mr. Traweek's sentencing) to the present."[11]

On Monday June 1, 2020, counsel for the Plaintiff emailed counsel for the Defendants stating, "These RFPs were due last Friday, and we didn't receive any responses. When can we

---

[6] Rec. Doc. 95-3.
[7] Rec Doc. 95-4 at p. 6 – From Glazer, Phyllis on April 29, at 8:41 AM.
[8] Rec Doc. 95-4 at p. 6 – From Most, William on April 29, at 9:00 AM.
[9] Rec Doc. 95-4 at p. 5 – From Wheeler, Jeffery "Beau" on May 4, at 3:19 PM.
[10] Rec Doc. 95-4 at p. 4 – From Most, William on May 4, at 9:01 PM.
[11] Rec Doc. 95-4 at p. 4 – From Most, William on May 4, at 9:01 PM.

receive full responses?"[12] The Defendants responded on the same day, provided objections, agreed to provide documents,[13] and explained that they had calendared the due date for June 3, rather than May 29, as a result of Plaintiff's significant and substantive rewording of RFPs 26 and 27 on May 4.[14]

Plaintiff responded via email on June 3, 2020 that all objections by the defendants were waived, and demanded the full production of all documents responsive to RFPs 26 and 27.[15] On June 4, 2020 Defendants explained their position that the responses were not due until June 3, 2020, pointed out that Plaintiff had almost completely redrafted his request via email, and that the response date had been calendared accordingly.[16]

On June 4, 2020 Plaintiff sent another email demanding full compliance with RFP 26 as it was originally written before the Plaintiff's substantively altered RFP 26 in the May 4 email, demanded that Defendants withdraw their Qualified Immunity objection, and threatened to file a motion to compel.[17] Nowhere in any of the email exchanges did Plaintiff ever attempt to discuss the Defendants' relevance, overly broad, or undue burden objections or otherwise attempt to amicably confer about the Requests.

On June 8, 2020 Defendants provided Plaintiff with various responsive documents to RFPs 26 and 27, and conversed with Plaintiff's counsel on other discovery issues.[18] On June 9, six days before filing the *Motion to Compel*, Plaintiff sent an email inquiring about the time computations

---

[12] Rec Doc. 95-4 at p. 4 – From Most, William on June 1, at 8:44 AM.
[13] Defendants stated that they were still gathering the responsive documents, and would provide them as soon as possible. The documents responsive to RFP 26 and 27 were ultimately provided on June 8, 2020 after they were received by defense counsel, and the parties are in an ongoing discovery discussions regarding those documents.
[14] Rec Doc. 95-4 at p. 3 – Email from Wheeler, Erin on June 1, at 12:54 PM.
[15] Rec Doc. 95-4 at p. 2 & 3 – Email from Most, William on June 3, at 8:45 AM.
[16] Rec Doc. 95-4 at p. 1 & 2 – Email from Wheeler, Erin on June 4, at 3:02 PM.
[17] Rec Doc. 95-4 at p. 1 – Email from Most, William on June 4, at 4:20 PM.
[18] Exhibit 3 at p. 3 – Email from Wheeler, Erin on June 8, at 3:54 PM.

worksheets produced, and asked to schedule a meet and confer conference.[19] [20] On June 15, 2020, Plaintiff followed up on his June 9 email at 2:10 PM, asking once more to set up a meet and confer "regarding the failure to fully respond to RFP 26 and 27."[21] At 2:43 PM on June 15, Plaintiff filed this *Motion to Compel.*[22] Later that day Defendants responded to Plaintiff's 2:10 PM email, substantively discussed several discovery issues, and asked if Plaintiff would like to schedule a meet and confer within a week or two.[23] Plaintiff responded on June 16 asking "are you available to meet and confer on June 25th?" regarding RFP 26 and 27.[24] The parties ultimately agreed to meet and confer by telephone on June 29, 2020.[25]

## II. LEGAL STANDARD

### A. Motion to Compel

A party may move for an order compelling production of documents pursuant to Fed. R. Civ. P. Rule 37. All motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[26] When a movant fails to confer, attempt to confer, or to include the required certificate with his motion, the motion to compel must be denied.[27]

### B. Award of Attorney Fees

---

[19] Exhibit 3 at p. 1 & 2 – From Denson, Casey on June 9, at 11:08 AM.
[20] This particular suit, as well as a long list of similar suits also handled by Plaintiff's counsel regarding similar allegations, has involved extensive discovery – both written and by deposition. Thus far the parties have been able to resolve the vast majority of their disagreements amicably, and at the time of this writing the parties are still engaging in substantive talks on a variety of other discovery requests in this suit. As it stands there is currently a meet and confer conference scheduled in this suit for June 29, 2020 that directly addresses issues with RFP 27, along with a large number of other discovery disputes.
[21] Exhibit 3 at p. 1 – Email from Denson, Casey on June 15, at 2:10 PM.
[22] Rec. Doc. 95.
[23] Exhibit 4 at p. 6 & 7 – Email from Wheeler, Erin on June 15, at 9:13 PM.
[24] Exhibit 4 at p. 5 & 6 – Email from Denson, Casey on June 16, at 10:00 AM.
[25] Exhibit 4 at p. 1 – Email from Wheeler, Erin on June 23, at 8:25 AM.
[26] Fed. R. Civ. P. Rule 37(a)(1).
[27] *Cangelosi v. New York Life Ins. Co.*, No. 15–325, 2016 WL 4975127, *2 (M.D. La. Sept, 15, 2016)

The District Court may, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[28] However, fees are not to be awarded where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[29]

### III.   PLAINTIFF FAILED TO CONFER IN GOOD FAITH

Plaintiff did not confer in good faith prior to filing the Motion to Compel as is required by Fed. R. Civ. P. Rule 37(a)(1).  Plaintiff's failure to confer is undeniable considering the parties scheduled a "meet and confer" to be conducted on June 29, 2020.  Plaintiff filed the *Motion to Compel* on June 15, 2020.  The *following day*, Plaintiff sent an email requesting scheduling a "meet and confer" to discuss RFP 26 and 27.[30]  Considering the Plaintiff's post-filing actions to schedule the Rule 37 conference, Plaintiff's arguments about how he attempted to confer in good faith prior to filing the *Motion* are unpersuasive.

Plaintiff states he "sent several emails seeking compliance with the discovery request" and that "Defendants' counsel did not respond."[31] The emails from counsel for the Plaintiff do not constitute a good faith attempt to confer as required by Rule 37(a).

In *Robin v. Weeks Maine, Inc.* the movant for a motion to compel, pointed to a series of email correspondences demanding responses as proof that he had met and conferred with defense counsel. This Honorable Court ruled that "a good faith attempt to meet and confer typically

---

[28] Fed. R. Civ. P. Rule 37(a)(5)(A).
[29] Fed. R. Civ. P. Rule 37(a)(5)(A)(i) – (iii).
[30] Exhibit 4 at p. 5 & 6 – Email from Denson, Casey on June 16, at 10:00 AM.
[31] Rec. Doc. 95-1 at p. 5.

6

requires an in person meeting or a telephone call."[32] This general requirement that a good faith attempt to meet and confer be conducted by in person meeting or by telephone is not unique, and other Courts have denied similar motions to compel for the same reason. "Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel.... For this reason, alone, his Motion should be denied."[33]

Like in *Robin* and *Dimitric*, the Plaintiff herein "sent several emails seeking compliance."[34] Those emails contain no indication Plaintiff intended the emails to act as a meet and confer, never cited Rule 37, and the subject-line merely reads "Traweek: Discovery Requests." Furthermore, prior to the *Motion to Compel,* counsel for the Plaintiff and counsel for the Defendants have met numerous times <u>by telephone</u> to confer about other discovery matters. More importantly, though, the Plaintiff scheduled a telephone conference to discuss the RFPs at issue in the Motion to Compel but, the telephone conference was scheduled after he filed the Motion. It cannot be concluded that the Plaintiff complied with the conference requirement of Rule 37 prior to filing the Motion to Compel and, therefore, the Motion should be denied.

### IV.     PLAINTIFF IS NOT ENTITLED TO ATTORNEY FEES

Fees are not to be awarded where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[35] The Plaintiff filed the *Motion to Compel* on June 15, 2020. The following day, the Plaintiff scheduled the Rule 37 conference about the RFPs that are at issue in

---

[32] *Gary Robin v. Weeks Marine, Inc*. 17-cv-1539 2017 WL 3311243 (E.D.LA. Aug. 3, 2017)
[33] *Dimitric v. Tex. A & M Univ.*, No. 06-cv-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007).
[34] Rec. Doc. 95-1 at p. 5 subsection G.
[35] Fed. R. Civ. P. Rule 37(a)(5)(A)(i) – (iii).

the Motion. Plaintiff obviously filed the *Motion* before attempting in good faith to confer. He is not entitled to attorneys' fees.

> **V.    PLAINTIFF FAILED TO ADDRESS THE OBJECTIONS RAISED BY THE DEFENDANTS AND, THEREFORE, FAILED TO MEET HIS BURDEN OF SHOWING HE IS ENTITLED TO AN ORDER COMPELLING PRODUCTION**

Defendants raised four objections to RFP 26: (1) that RFP 26 was overly broad and not reasonably calculated to produce relevant documents, (2) that it presented an undue burden, and (3) qualified immunity's requirement that discovery be narrowly tailored.[36] Plaintiff argues that these objections are without merit because the "Request for Production 26 was suggested <u>by Defendant's counsel</u> as an example of what *would* be relevant and narrowly tailored."[37] [emphasis not added] In support of his contention Plaintiff introduces a partial transcript of a nearly one hour long discovery meet and confer held on April 20, 2020 regarding RFPs not at issue for this motion.

### A.  Overbreadth, and Qualified Immunity Objections

The Fifth Circuit, in *Backe v. Leblanc*, has clearly stated that even if a district court finds that a plaintiff "pled facts overcoming qualified immunity," the district court can "authorize only discovery *narrowly tailored* to rule on [a defendant's] immunity claims.[38] "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[39] "[A] party asserting the defense of qualified immunity is not immune from all discovery, only that which is avoidable or overly broad."[40]

Defendants assert that RFP 26 is overly broad in its scope, and not narrowly tailored. Plaintiff's claim that a DPSC policy (or lack thereof) enforced by Defendants led to a "pattern and

---

[36] Rec. Doc. 95-5.
[37] Rec. Doc. 95-1 at p. 5 subsection A.
[38] *Backe v. Leblanc,* 691 F.3d 645, 649 (5th Cir. 2012).
[39] *Id.* at 648
[40] *Wicks v. Miss. State Emp't Servs.,* 41 F.3d 991 (5th Cir.1995)

practice" of constitutional violations. Yet the wide reaching scope of RFP 26 is too broad a request on its face and is bound to catch mostly irrelevant materials – as it makes no pretense of narrowly focusing upon a specific period of time, or even a particular grouping of inmates (e.g. only Orleans Parish). This use of broad discovery runs afoul of qualified immunity.

In this suit, the nexus of Plaintiff's grievance arises out of an alleged failure to timely authenticate the release of an inmate who was never legally in DPSC custody due to an error in the sentencing minutes perpetuated by the Clerk of Court of Orleans Parish.

RFP 26 is not reasonably calculated to produce such documents without also trapping and extracting a vast array of irrelevant information.

- RFP 26 - All time computation worksheets for DOC inmates who were sentenced to parish time but who were sent to the DOC.

This request asks for *all* time computation worksheets for *all* DPSC inmates from all parishes in the State of Louisiana (not just Orleans Parish, which was the topic of conversation during the April 20 telephone conference on RFPs 22-25), and not just those wherein an error in the sentencing minutes perpetuated by the Clerk of Court of Orleans Parish erroneously categorized a person serving parish time as being a "DPSC inmate." The extra information RFP 26 demands would engulf the entire request, and thus shows how it is must be significantly limited in its scope. To the extent that Plaintiff suggests that Defendants have previously submitted that this request would be relevant, the telephone conference for RFPs 22-25 only referenced instances wherein an *Orleans Parish* inmate had received improper sentencing minutes, not the blanket and more expansive all "DOC inmates who were sentenced to parish time but who were sent to the DOC" in Plaintiff's request.

When the defense of Qualified Immunity has been raised, discovery must be narrowly tailored. Specifically, public officials are protected by Qualified Immunity from discovery that is

9

avoidable or overly broad.[41] Plaintiff cites that Defendants have conceded that his request is narrowly tailored, but that does not take into account how the Defendants clearly illustrated that any potential "pull" would require the plaintiff to provide names of specific inmates for DPSC to review. This sort of expansive discovery attempting to force the Defendants to create vast lists of inmates has been thoroughly rejected by this Court in the companion cases to this suit, *Grant v. Leblanc*.[42]

In *Grant*, Chief Judge Brown ruled on Plaintiff's *Motion for Spoliation of Evidence / Motion to Compel* that:

> The Fifth Circuit, in *Backe v. Leblanc*, stated that even if a district court finds that a plaintiff "pled facts overcoming qualified immunity," the district court can "authorize only discovery *narrowly tailored* to rule on [a defendant's] immunity claims." Here, Plaintiff requests the "[CAJUN] data for all DOC inmates who meet the criteria for inclusion in the February 2019 Pull Document, but for all months from January 2012 to the present." Plaintiff is requesting CAJUN data from several years before—and several years after— his alleged overdetention. Plaintiff's request is not "narrowly tailored" to rule on the qualified immunity defense presented in this case. For this reason, the Court will deny the motion to compel.

Similarly, in RFP 26 Plaintiff is requesting "All time computation worksheets for [all] DOC inmates who were sentenced to parish time but who were sent to the DOC." This is not narrowly tailored, and is far too overly broad to fit the criteria required by qualified immunity.

    B. *Undue Burden*

As stated in the response to RDP 26, Plaintiff demands a vast amount of highly specific data that is extraordinarily difficult to retrieve. Obtaining all of the information requested would require a burdensome allocation of manpower, hours of labor, and technical skill that would impose significant financial and time requirements upon the defendants. Specifically, this request

---

[41] *Lion Boulos v. Wilson,* 834 F.2d 504, 507–08 (5th Cir.1987).
[42] *Rodney Grant v. Marlin Gusman et al*. 17-cv-2797 2020 WL 1864857 (E.D.LA. April 13, 2017) (Finding Plaintiff's request was not "narrowly tailored" and was unduly burdensome.)

as written would require DPSC officials to "double check" all release records for all inmates in the State of Louisiana *who have ever been released*, request transcripts of all sentencing hearings for those persons released, and compare those transcripts with the official Court minutes in order to discover whether or not a person was incorrectly assigned a hard labor sentence. This request is simply too burdensome.

Further, at no point has Plaintiff attempted to make inquiries as to why this process is burdensome, or suggested any alternative methods that could be used to make it less burdensome.

### VI. IF DEFENDANTS RESPONSES ARE DEEMED UNTIMELY, THEN THERE IS GOOD CAUSE SHOWING THAT OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION SHOULD NOT BE WAIVED

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."[43] This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34.[44] Failure to provide written responses within thirty days of service of the requests ordinarily waives all objections, unless the court excuses the failure for good cause.[45] The Court also retains discretion to decline to compel discovery responses when the request exceeds the bounds of fair discovery, even if a timely objection has not been made.[46]

---

[43] *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).
[44] *B & S Equipment Co. v. Truckla*, Nos. 09–3862, 10–832, 10–1168, 10–4592, 2011 WL 2637289, at *5 (E.D.La. July 6, 2011)
[45] *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 153 (S.D.Tex.2009). "Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection." *Ordoyne v. McDermott, Inc.,* No. 99–3456, 2000 WL 1154616, at * 1 (E.D.La. Aug. 14, 2000). *See also B & S Equipment Co. v. Truckla,* Nos. 09–3862, 10–832, 10–1168, 10–4592, 2011 WL 2637289, at *5 (E.D.La. July 6, 2011) (citations omitted) (finding that "the waiver provision applie[s] to both Rules 33 and 34."); *Boles v. National Heritage Realty, Inc.,* 2010 WL 3087472, at *6 (N.D.Miss. Aug. 6, 2010) ("Rule 34 requires that a response to a request for production-including objections-must be served within thirty days of service of the request.").
[46] *Amir Athletic, LLC v. State Farm First and Casualty Co.,* No. 11–2082, 2012 WL 520658, at *2 (E.D.La. Feb.16, 2012).

Within five days of receipt of RFP 26, Defendants raised overbreadth, undue burden, and qualified immunity objections to RFP 26 in an email to counsel for the Plaintiff.[47] Plaintiff then agreed to significantly limit the scope of RFP 26.

Assuming *in arguendo* that Defendants' responses are untimely as to any other waivable objections, Defendants have good cause for the delay. As evidenced by the lengthy and detailed email exchanged between the parties, the Defendants arrived to a good faith conclusion that the discovery responses, as they had been substantially altered in substance in Plaintiff's May 4, 2020 email, were due on June 3, 2020 rather than May 29. To the extent that there was an error, and that the responses were due on Friday May 29, Defendants provided objections and responses on the following workday at 12:54 PM Monday June 1, 2020. The potential untimeliness of responses to RFP 26 do not prejudice Plaintiff, nor prevent him from seeking further discovery as there is still time remaining to conduct discovery.

As such, to the extent that this Court may deem any objections waived by the Defendants, the Defendants have shown that there is sufficient good cause for the Court to deem the objections to RFP 26 to have not been waived.

## VII.   CONCLUSION

In sum, the Plaintiff has failed to meet his burden to carry his premature *Motion to Compel*. As such, Plaintiff's *Motion* should be denied, and no attorney fees should be award.

[*Signature block on next page*]

---

[47] Rec Doc. 95-4 at p. 5 – From Wheeler, Jeffery "Beau" on May 4, at 3:19 PM.

Respectfully Submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

| | |
|---|---|
| **By**: */s/ E. Bridget Wheeler*  <br>**Erin Bridget Wheeler (TA) (LSBA#37546)**  <br>**ASSISTANT ATTORNEY GENERAL**  <br>Louisiana Department of Justice  <br>Litigation Division, Civil Rights Section  <br>1450 Poydras Street,  <br>Suite 900  <br>New Orleans, Louisiana 70112  <br>Telephone:   (504) 599-1200  <br>Facsimile:    (504) 599-1212  <br>E-mail:         WheelerEB@ag.louisiana.gov | *s/Phyllis E. Glazer*  <br>**PHYLLIS E. GLAZER (LSBA #29878)**  <br>**ASSISTANT ATTORNEY GENERAL**  <br>Louisiana Department of Justice  <br>Litigation Division, Civil Rights Section  <br>1885 North Third Street, 4th Floor  <br>Post Office Box 94005 (70804-9005)  <br>Baton Rouge, Louisiana 70802  <br>Telephone:    225-326-6300  <br>Facsimile:      225-326-6495  <br>E-mail:           glazerp@ag.louisiana.gov |