UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY TRAWEEK** | : | **CIVIL ACTION** |
| | : | **NO. 19-1384   SECTION "F" 1** |
| **VERSUS** | | |
| | : | **JUDGE MARTIN FELDMAN** |
| **MARLIN GUSMAN, ET AL.** | | |
| | : | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

Defendant James LeBlanc herein supplements his *Opposition to Plaintiff's Motion to Compel*[1] as ordered by this Honorable Court.[2]

**I.   RFP 26 IS FACIALLY OVERBROAD, UNDULY BURDENSOME, AND NOT NARROWLY TAIILORED**

Request for Production (RFP) No. 26 is facially overbroad and so unduly burdensome that compiling responsive documents is virtually impossible. Plaintiff propounded the following RFP:

> RFP 26 - All time computation worksheets for DOC inmates who were sentenced to parish time but who were sent to the DOC.[3]

On its face, RFP 26 contains several significant flaws. First, the request is facially overbroad because it provides no time limitation. Without providing any time limit whatsoever the plain language reading of RFP 26 requires time computation worksheets from the inception of the DPSC. This is not narrowly tailored, is overly broad, and would also be burdensome in the extreme to produce. The request is also overbroad because it requests records of all "DOC inmates" which

---
[1] Rec. Doc. 96.
[2] Rec. Doc. 97.
[3] Rec. Doc. 95-5.

1

necessarily includes current and former inmates regardless of the undisputed legality of their detentions. When asked twice by Defense counsel during the June 29 conference if Plaintiff would limit RFP 26 in time, he evaded any suggestion that he would be agreeable to any limitation. While Defendants were candid in their skepticism that even a limitation would be effective, such a limitation was required if substantive steps could be made towards coming to a resolution. The Plaintiff refused to agree, even in principle, to limiting that request in any way.

Second, as is made clear in the Plaintiff's "supplemental memorandum", the Plaintiff apparently never intended DPSC to produce documents responsive to RFP No. 26. The Plaintiff, instead, is attempting to force DPSC to create "pull documents" which he intends to use as lists of offenders who were "overdetained." However, the Plaintiff has been repeatedly advised by Defense Counsel *and the Courts*, that he has no right to force DPSC to create new documents in response to a Request for Production of Documents.[4] Furthermore, the Plaintiff is misrepresenting the nature of the February, 2019, "pull document". The February, 2019, pull document is not a list of offenders who were "overdetained."

The only such document that was ever created was the singular "February 2019 Pull Document" which was created for a grant application. The creation of "pull documents" was extensively litigated in *Rodney Grant v. Marlin Gusman, et al.* In *Grant*, Chief Judge Brown unequivocally stated that Plaintiff's request to have DPSC confect "pull documents" was overly broad, unduly burdensome, and not narrowly tailored for the purposes of qualified immunity.[5]

> Plaintiff is requesting CAJUN data from several years before—and several years after—his alleged overdetention. Plaintiff's request is not "narrowly tailored" to rule on the qualified immunity defense presented in this case. For this reason, the Court will deny the motion to compel.
> …

---

[4] *Rodney Grant v. Marlin Gusman et al*. 17-cv-2797 E.D.LA. 2020 WL 1864857 (E.D.LA. April 13, 2017) (Finding Plaintiff's request was not "narrowly tailored" and was unduly burdensome.)
[5] *Id.*

2

Alternatively, the Court finds that Plaintiff's request for production imposes an undue burden on DOC Defendants. Federal Rule of Civil Procedure 26(b)(2)(B) states that "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Plaintiff requests that DOC Defendants produce "[a]ll data for all DOC inmates who meet the criteria for inclusion in the February 2019 Pull Document, but for all other months from January 2012 to the present." DOC Defendants objected to this request pursuant to Rule 26(b)(2)(B) because Plaintiff's demand encompasses "a vast amount of highly specific data that is difficult to easily retrieve and store for a large selection of the entire inmate population of the Louisiana Department of Corrections." Accordingly, the motion to compel is also unduly burdensome.[6]

Third, while Plaintiff asserts that RFP 26 is narrowly tailored to attempt to produce records evidencing situations similar to that of his claim, it is not. The plaintiff in this case was neither a "DOC inmate" nor ever transferred to DPSC's physical custody. Plaintiff's *paperwork* was sent to DPSC due to an error in the sentencing minutes prepared by the Criminal District Court.[7] The Plaintiff remained incarcerated in the custody of the Orleans Parish Sheriff. The pre-classification process includes screening of Pre-Class packets to ensure the offender was sentenced to hard labor and, correspondingly, to DPSC custody.  However, DPSC does not maintain a list of offenders who were not sentenced to DPSC custody and whose paperwork was mistakenly sent to DPSC. Nonetheless, that is not what the Plaintiff asked for.  The Plaintiff is asking for time computation records of every DOC offender, that is, every offender ever sentenced to DPSC custody, who had a parish conviction in addition to their DOC sentence.  A response to Plaintiff's Request requires individual examinations of <u>every</u> pre-classification packet ever received by DPSC to determine whether each offender also had a parish conviction.  To be absolutely clear, the Plaintiff did not ask for records of persons in the same situation as him – he asked for the time computation records of every DPSC offender who also had a sentence to parish time.

---

[6] *Id.*
[7] The Plaintiff was sentence to parish time but the minutes stated "hard labor."  Neither the Plaintiff nor his attorneys took <u>any</u> step to correct that error until May 22, 2018, the same date the Plaintiff was released from custody.

Nonetheless, even if the Defendants substantively rewrote Plaintiff's defective RFP to request records of *parish* inmates whose records were erroneously sent to DPSC for time computation, the request would be similarly overbroad and unduly burdensome.

## II. RFP 26 IS UNDULY BURDENSOME

Plaintiff states in his *Supplemental Memorandum* that "Defendants' have still not provided information as to the burden imposed. In the June 29, 2020 telephone conference, Plaintiff asked how burdensome it would be. Defendants' counsel said they could not provide a specific cost or timeframe estimate, but that their client had said it would take a 'very long time' and would be 'realistically impossible.'" Again, the Plaintiff is demanding DPSC review the records of every offender to determine which of those offenders had a parish sentence and also copy and produce all time comp records of all of those offenders. The sheer volume of the data that must be reviewed by persons with knowledge of what they are looking for is so massive that the amount of time it would take and cost to perform the search is unfathomable.

Defendants are not withholding a list of "parish inmates erroneously sent to the DPSC". No such list exists. Angela Griffin, the supervisory official over the pre-classification department, explains in detail what would have to be done in order to produce a complete and accurate response to RFP 26:

1) procure the pre-class packets for all offenders, 2) procure the sentencing hearing transcript for *every offender* in all sixty-four parishes in the State of Louisiana *in perpetuity*, and 3) would have to allocate personnel to sift through the pre-class packets and compare them against the sentencing transcript using either the Uniform Commitment Order or Sentencing Minutes sent by the parish sheriffs in the pre-class packet.

4

2) Then, all time computation records of every offender with a parish conviction would have to be gathered and copied.[8]

The vast scope of such an undertaking is readily apparent – not to mention costly merely in terms of the court reporter transcription fees without accounting for the expense in manpower and hours spent comparing these transcripts with files at hand. Further, not all of the DPSC's files from offenders *for all time* are available in electronic form. DPSC need not produce some sort of calculation or estimation for tasks that are so apparently impossible to undertake in order to satisfy an obligation to substantively engage over the burdensomeness of a request. Confecting such an estimate would *itself* be a burdensome task.

Plaintiff's eagerness to fall back on the "option" of creating pull documents is not new, it is incorrect that DPSC has ever agreed to create such documents, and the alleged evidentiary value of such documents is being misrepresented.

### III.   CONCLUSION

The Plaintiff has failed to meet his burden to carry his premature *Motion to Compel*. As such, Plaintiff's *Motion* should be denied. Furthermore, even though the parties eventually conferred as required by the Federal Rules of Civil Procedure, because the Plaintiff prematurely filed the Motion to Compel prior to that conference, no attorney fees should be award.

[*Signature block on next page*]

---

[8] *See* Exhibit A – Declaration of Angela Griffin.

5

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

| | |
|---|---|
| **By**: */s/ E. Bridget Wheeler* | *s/Phyllis E. Glazer* |
| **Erin Bridget Wheeler (TA) (LSBA#37546)** | **PHYLLIS E. GLAZER (LSBA #29878)** |
| **ASSISTANT ATTORNEY GENERAL** | **ASSISTANT ATTORNEY GENERAL** |
| Louisiana Department of Justice | Louisiana Department of Justice |
| Litigation Division, Civil Rights Section | Litigation Division, Civil Rights Section |
| 1450 Poydras Street, | 1885 North Third Street, 4th Floor |
| Suite 900 | Post Office Box 94005 (70804-9005) |
| New Orleans, Louisiana 70112 | Baton Rouge, Louisiana 70802 |
| Telephone: (504) 599-1200 | Telephone: 225-326-6300 |
| Facsimile: (504) 599-1212 | Facsimile: 225-326-6495 |
| E-mail: WheelerEB@ag.louisiana.gov | E-mail: glazerp@ag.louisiana.gov |