UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TRAWEEK | CIVIL ACTION |
| VERSUS | NO. 19-1384-MLCF-JVM |
| MARLIN GUSMAN, ET AL. | SECTION: "F" (1) |

**Memorandum in Support of Plaintiff's Motion for Reconsideration**

### INTRODUCTION

Plaintiff Johnny Traweek was detained in Orleans Parish Prison by the Louisiana Department of Corrections ("DOC") without legal process for twenty days. *See* Dkt. 68 (Complaint) at ¶ 1. On February 14, 2019, he brought this lawsuit against Defendants alleging, among other claims, false imprisonment under Louisiana law. Dkt 1. On January 20, 2021, this Court dismissed Mr. Traweek's false imprisonment claim after determining that a state official acting with the "appearance or presumption of authority sanctioning a public officer's actions" cannot be liable for false imprisonment. Dkt. 129 at 18-19 (citing Kyle v. City of New Orleans, 353 So. 2d 969 (La. 1977); BLACKS' LAW DICTIONARY).

However, defendants acting under color of authority are not immune from claims of false imprisonment. Instead, it is *actual* authority to imprison – not the "appearance or presumption of authority" – that defines the tort of false imprisonment. See, e.g., Kyle v. City of New Orleans, 353 So. 2d 969 (La. 1977) (allowing false imprisonment claims to proceed against officials acting under color of authority); Wallace v. Kato, 549 US 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . ."); McNeal v. DPS&C, 2020 WL 798321, 18-736-JWD-EWD (M.D. La., Feb. 18, 2020) (granting plaintiff's motion for summary judgment for false imprisonment in an overdetention case against the Department of Corrections).

1

And on this record, the factfinder could determine that defendants detained Mr. Traweek for twenty days without legal process; that is, without actual authority to imprison him.

Accordingly, Mr. Traweek respectfully requests that this Court reconsider its Order and deny Defendants' motion for summary judgment as to his claim for false imprisonment.

## STANDARD

A motion seeking reconsideration of a district court ruling is analyzed under Federal Rule of Civil Procedure 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order such as a partial grant of summary judgement. See Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017). "When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) [as opposed to Rule 59 or 60] controls." Edwards v. Take Fo' Records, Inc., Case No. 19-12130-MLCF, 2020 U.S. Dist. LEXIS 119246, at *32 n.11 (E.D. La. July 8, 2020).

Rule 54(b) authorizes the district court to "revise[] at any time . . . any order or other decision . . . that does not end the action." Fed. R. Civ. P. 54(b); Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017). The Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Austin, 864 F.3d at 336 (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*)). See also Edwards, supra, at *32 n.11 (E.D. La. July 8, 2020) (citing Austin, 864 F.3d at 336). Compared to Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" Id. at 337 (quoting Cobell v. Jewell, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal citations omitted) (quoting Greene v. Union Mutual Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)).

## ARGUMENT

This Court determined that "[b]ecause there is no question that Traweek was overdetained under 'color of legal authority,' Traweek's false imprisonment claims must be dismissed as a matter of law." Dkt. 129 at 18 (citing Kyle v. City of New Orleans, 353 So. 2d 969, 971 (La. 1977); BLACK'S LAW DICTIONARY (10th ed. 2014). Respectfully, this interpretation is contrary to all authority holding that false imprisonment claims are not barred against persons simply because those persons are acting under color of state authority.

For instance, the Supreme Court has held that the touchstone of false imprisonment is not whether it the actor was acting under color of law, but rather whether the detention was the result of legal process. Wallace v. Kato, 549 US 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . ."). In fact, the Court explained that detention in a "common prison"—like the Orleans Parish Prison—is emblematic of false imprisonment:

> False arrest and false imprisonment overlap; the former is a species of the latter. 'Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is.'

Wallace, 388-389 (citation omitted).

Courts in the Fifth Circuit have overwhelmingly sustained false imprisonment claims against state actors where the imprisoner had the color of state authority. See, e.g., McNeal v. DPS&C, 2020 WL 798321, 18-736-JWD-EWD (M.D. La., Feb. 18, 2020) (granting plaintiff's motion for summary judgment for false imprisonment in an overdetention case against the Department of Corrections); Thomas v. Gullotta, 15-cv-00435, R. Doc. 64, *21 (M.D. La., Jan. 26, 2017) (denying an officer's motion to dismiss false imprisonment claim because "[t]he lawfulness of the detention hinges upon the existence of probable cause"); Owens v. Stalder, 08-cv-00768-JTT-JPM, (W.D. La. Feb. 3, 2015) (allowing false imprisonment claim against DOC to proceed because the "sort of unlawful detention remediable by the tort of false imprisonment is

3

detention without legal process"); Williams v. Gusman, 08-cv-04446-SSV, R. Doc. 39 (E.D. La March 25, 2009). See also Whirl v. Kern, 407 F.2d 781, 795-796 (5th Cir., 1969) (Texas sheriff liable for false imprisonment resulting from nine-month overdetention).

The Louisiana Supreme Court, too, has been clear that the proper analysis is whether the imprisoner had authority to detain, not whether the imprisoner was a private or public actor. See Kyle v. City of New Orleans, 353 So. 2d 969 (La. 1977) ("False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority."); Kennedy v. Sheriff of East Baton Rouge, 935 So. 2d 669 (La. 2006) ("Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority.").

Under this analysis, Louisiana courts routinely permit false imprisonment claims to proceed against persons acting under color of state law. See, e.g., Brown v. City of Monroe, 135 So. 3d 792, 794 48764 ( La. App. 2 Cir 02/26/14) (judgment for plaintiff for false imprisonment after Monroe Police Department "arrested, booked and jailed" plaintiff without probable cause); Trahan v. City of Scott, 802 So. 2d 24 ( La. App. 3 Cir 03/14/01) (judgment for plaintiff for false imprisonment because officers had "no basis for initially stopping him, they had no authority under the law to demand his identity, search him and handcuff him"); Hayes v. Kelly, No. 92-1433, (La. App 1 Cir. 10/6/93) (affirming judgment for false imprisonment against sheriff who physically imprisoned the plaintiff); Ross v. Sheriff of Lafourche Parish, 479 So. 2d 506 (La. Ct. App. 1st. 1985) (affirming judgment for false arrest and false imprisonment against sheriff's deputy and city policemen).

Respectfully, this Court's proposed rule – that a false imprisonment tort cannot lie against a person "clothed with the authority of the state" – would upend all these cases. And it would also eliminate the state law tort of false arrest, because the Louisiana Supreme Court conflates the torts of false arrest and false imprisonment. Perry v. City of Bossier, 17-0583 (W.D. La., Oct. 17, 2018) (citing Kennedy, supra.)

4

      Accordingly, Mr. Traweek respectfully submits that this Court's order was a mistake of law, and the fuller case law presented herein will help clarify that there exist material issues of fact from which a jury could conclude that Mr. Traweek was falsely imprisoned in violation of Louisiana law.

## CONCLUSION

      For that reason, Mr. Traweek asks that the Court reconsider and deny Defendants' motion for summary judgment with regard to the state law tort of false imprisonment.

                              Respectfully submitted,

                              */s/ Casey Denson*_____
                              Casey Rose Denson (La. Bar. No. 33363)
                              3436 Magazine Street, Unit #7005
                              New Orleans, LA 70115
                              Telephone: (504) 224-0110
                              Email: cdenson@caseydensonlaw.com

                              /s/ *William Most*_____
                              Most & Associates
                              William Most (La. Bar No. 36914)
                              williammost@gmail.com
                              201 St. Charles Ave., Ste. 114, # 101
                              New Orleans, LA 70170
                              T: (504) 509-5023