UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY TRAWEEK                                    CIVIL ACTION

v.                                                NO. 19-1384

MARLIN GUSMAN, ET AL.                             SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff Johnny Traweek's motion for reconsideration of the Court's January 20, 2021 dismissal of his false imprisonment claims. For the reasons that follow, the motion is DENIED.

**Background**

This Order and Reasons assumes familiarity with the Court's January 20, 2021 Order and Reasons on the defendants' motion for summary judgment. In that decision, the Court detailed its basis for dismissing Traweek's false imprisonment claims against defendants Tracy DiBenedetto, Ashley Jones, and James LeBlanc. See Traweek v. Gusman, 2021 WL 199387, at *7 & n.7 (E.D. La. Jan. 20, 2021).

I.

Because it merely seeks reconsideration of a discrete ruling within a broader order, Traweek's motion is governed by Federal Rule of Civil Procedure 54(b). See Edwards v. Take Fo' Records,

1

Inc., 2020 WL 3832606, at *11 n.11 (E.D. La. July 8, 2020) ("When a party seeks to revise an order that adjudicates fewer than all the claims among all the parties, [] Rule 54(b) controls."). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Under Rule 54(b), the Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

II.

A.

In urging the Court to reverse its dismissal of his false imprisonment claims, Traweek argues that the Court misapprehended and misapplied Louisiana law. In particular, he takes issue with the Court's generalized definition of the tort of false imprisonment – which the Court drew from Traweek's own complaint - as "restraint without color of legal authority." See Traweek, 2021 WL 199387, at *7 (first quoting Kyle v. City of New Orleans,

2

353 So. 2d 969, 971 (La. 1977); then quoting Third Am. Compl., ¶ 103) (internal quotation marks omitted).

In Traweek's view, "this interpretation is contrary to all authority holding that false imprisonment claims are not barred against persons simply because those persons are acting under color of state authority." See Mot. at 3 (emphasis omitted). Instead, Traweek suggests, "the touchstone of false imprisonment is not whether [] the actor was acting under color of law, but rather whether the detention was the result of legal process." See id. (emphasis omitted) (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)).[1] Traweek cites a number of Louisiana and federal cases for the propositions that "the proper analysis is whether the imprisoner had authority to detain, not whether the imprisoner was a private or public actor," and that "Louisiana courts routinely permit false imprisonment claims to proceed against persons acting under color of state law." See id. at 3-4.

---

[1]    Traweek's reliance on Wallace is misplaced, as the United States Supreme Court is surely no arbiter of *Louisiana* tort law. In Wallace, the Court was tasked with ascertaining "the common law's . . . treatment of the torts of false arrest and false imprisonment" in order to determine the accrual date of the plaintiff's § 1983 claim for alleged violations of the Fourth Amendment to the Federal Constitution.  The Court did not purport to distill *Louisiana* false imprisonment law, which clearly governs the claims at issue here.

3

B.

For sake of analysis, the Court accepts Traweek's newfound characterizations of Louisiana false imprisonment law.[2] Even on this friendlier legal terrain, Traweek cannot state a plausible claim for false imprisonment against DiBenedetto, Jones, and LeBlanc on the developed factual record at hand.

For one, as the defendants note, Traweek "neither acknowledges nor distinguishes" the Court's observation that, at the very least, Traweek's "is not the paradigmatic case of false imprisonment, in which a shopkeeper or other private citizen wrongfully restricts a plaintiff's movement against his will." See Traweek, 2021 WL 199387, at *7 n.7; Opp'n at 2.

More fundamentally, however, all of the supposedly analogous cases Traweek cites in his present motion are clearly distinguishable from the situation here – even when characterized in Traweek's own terms. See Mot. at 4. Indeed, where the plaintiffs in Brown and Trahan were jailed without any cause or basis whatsoever, Traweek was jailed for an offense to which he admittedly pled guilty. Compare Brown v. City of Monroe, 135 So. 3d 792, 794 (La. Ct. App. 2d Cir. 2014), and Trahan v. City of

---

[2] It bears noting that Traweek did not make any such arguments in opposing the underlying motion for summary judgment and that the Court applied the definition of false imprisonment that Traweek deployed in his own complaint.

4

Scott, 802 So. 2d 24, 28 (La. Ct. App. 3d Cir. 2001), with Third Am. Compl., ¶¶ 4-5. And where the plaintiffs in Hayes and Ross had good false imprisonment claims against the sheriff, deputies, and police who physically imprisoned them, Traweek seeks to hold administrative officials in the Louisiana Department of Public Safety and Corrections liable for false imprisonment. Compare Hayes v. Kelly, 625 So. 2d 628 (La. Ct. App. 3d Cir. 1993), and Ross v. Sheriff of Lafourche Par., 479 So. 2d 506 (La. Ct. App. 1st Cir. 1985), with Third Am. Compl., ¶¶ 25-27, 103-06.

\* \* \*

Put simply, Traweek offers the Court no basis for concluding that his overdetention in Orleans Parish Prison supplies him with plausible false imprisonment claims against bureaucrats inhabiting offices and cubicles and exerting no physical control over his detention or release. Because no reasonable jury could find otherwise under the Louisiana law cited by Traweek in the operative complaint and in the motion at hand, the Court declines to reverse its dismissal of Traweek's false imprisonment claims.

Accordingly, IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, February 10, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5