UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY TRAWEEK                                                CIVIL ACTION

v.                                                                         NO. 19-1384

MARLIN GUSMAN, ET AL.                                    SECTION "G"

ORDER

This matter was originally allotted to Judge Martin L.C. Feldman. On January 20, 2021, Judge Feldman denied Defendant James LeBlanc's ("LeBlanc") motion for summary judgment based on qualified immunity.[1] On July 20, 2022, the U.S. Fifth Circuit Court of Appeals vacated that ruling and remanded for the district court to reconsider LeBlanc's motion for summary judgment consistent with the panel's *per curiam* opinion.[2]  Specifically, the panel found that it could not adequately review the denial of qualified immunity because "the district court did not articulate which facts it found to be genuinely disputed."[3] Thus, the Fifth Circuit remanded the case "to allow the district court the first opportunity to specify which facts are genuinely disputed."[4] In addition, the panel instructed that the Court consider the Fifth Circuit's decision in

---

[1] Rec. Doc. 129.

[2] Rec. Doc. 146-1.

[3] *Id*. at 2.

[4] *Id*. at 8

1

*Crittindon v. LeBlanc*, as well as the Supreme Court's decisions *City of Tahlequah v. Bond* and *Rivas-Villegas v. Cortesluna*.[5]

On July 27, 2022, this case was reassigned to the undersigned Chief Judge. Given the Fifth Circuit's mandate,

**IT IS HEREBY ORDERED** that Defendant LeBlanc shall file a motion for summary judgment addressing the qualified immunity issue, the Fifth Circuit's Order, and the cases cited therein to be served in sufficient time to permit hearing thereon no later than October 5, 2022. Plaintiff shall file any response in accordance with Local Rule 7.5.

**NEW ORLEANS, LOUISIANA**, this 16th day of August, 2022

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] *Id.* at 9 (citing *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022), *City of Tahlequah v. Bond*, 142 S. Ct. 9 (2021) (per curiam), and *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021) (per curiam)).