IN THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

FILED
TIME _____
MAY 22 2018
SIG _____
DEPUTY CLERK
CRIMINAL DISTRICT COURT

STATE OF LOUISIANA )
)
)
)
v. )        Case No.      538-680
)        Section       C
JOHNNY TRAWEEK, )        Judge         Benedict J. Willard
)
Defendant )

FILED: _____        DEPUTY CLERK: _____

## WRIT OF HABEAS CORPUS AND MOTION FOR IMMEDIATE RELEASE

JOHNNY TRAWEEK, through undersigned counsel, hereby requests a WRIT OF HABEAS

CORPUS pursuant to the La. Const. Art. 1 §§ 2, 3, 4, 5, 6, 13, 20, 21, and 24; the Fourth, Fifth, and

Fourteenth Amendments of the U.S. Constitution; and La. C. Cr. P. Art. 362(2). Mr. Traweek

moves this Court to terminate his unlawful detention and order his immediate release from the

custody of the Orleans Parish Sheriff's Office (regardless of whether he is classified as an OPP/OJC

inmate or DOC inmate):

In support of this motion, Mr. Traweek states the following:

1.   Mr. Johnny Traweek is currently incarcerated in the Orleans Justice Center.

2.   He pled guilty on May 2, 2018 and received a sentence of 7 months DOC. Mr. Traweek has

been incarcerated continuously from October 2, 2017. See Exh. A. He has been in jail for 7

months and 19 days as of the day this motion was filed.

3.   Mr. Traweek is entitled to immediate release under the Fourth Amendment to the United

States Constitution and the Louisiana Constitution's Right to Privacy, as well as the Due

Process Provisions and the Right against Cruel and Unusual Punishment of both

Constitutions. See U.S. Const. amends. IV, VIII, XIV; La. Const. art. I §§ 2, 5, 20.

4.   La. C. Cr. P. art. 362 outlines when an individual may seek relief via a habeas petition if the

individual is being held in custody by virtue of a court order:

> If the person in custody is being held by virtue of a court order, relief shall be granted only on
> the following grounds:
> (1)  The court has exceeded its jurisdiction;
> (2)  The original custody was lawful, but by some act, omission, or event which has since
> occurred, the custody has become unlawful;
> (3)  The order for the custody is deficient in some legal requisite;
> (4)  The order for the custody, although legal in form, imposes an illegal custody;
> (5)  The custodian is not the person allowed by law to detain the person in custody;
> (6)  He has been denied his right to a hearing in an extradition case, as provided in Article
> 267; or

1



(7) He is being held in custody prior to trial in violation of due process of law.

La. C. Cr. P. art. 362. In this case, subsection (2) applies. The Court's initially imposed a

sentence of 7 months in this case, which was a legal order, but OPSO and DOC's failure to

process Mr. Traweek and release him in a reasonable period of time has made his custody

unlawful. In the alternative, Mr. Traweek moves for release under La. C. Cr. P. art. 361,

which governs when an individual is in custody without a court order (since the order to

detain Mr. Traweek via his sentence has expired).

5.   The Defense has contacted the records department at the Orleans Parish Sheriff's Office, but

the records department has not even been able to specify whether they sent paperwork to the

Department of Corrections to have Mr. Traweek processed. According to DOC, as of May

16, 2017, they had not received the pre-classification paperwork necessary from OPSO to

process Mr. Traweek's release.

6.   Courts have recognized that jails and prisons cannot instantaneously release inmates after

they have finished their sentences because there are administrative tasks that need to take

place in order for an inmate to be processed and released; a detention facility is entitled to a

"reasonable" amount of time to process an inmate for release. See Powell v. Barrett, 376 F.

Supp. 2d 1340, 1351 (N.D. Ga. 2005) (rev'd in part on other grounds). However, relying on

the United States Supreme Court's decision in County of Riverside v. McLaughlin, 500 U.S.

44, 55 (1991) (individuals arrested without warrants must be given a probable cause

determination with 48 hours of arrest), courts have also been consistent in holding that these

administrative tasks cannot delay an inmate's release by more than 48 hours. See., e.g.,

Powell, 376 F.Supp at 1352. In Powell, the Court explained:

> In what has been recognized as a "clearly analogous" line of authority, the Supreme Court has
> established a presumptive deadline of forty-eight hours for persons arrested without a warrant
> to be taken before a judge for a probable cause hearing. See County of Riverside v.
> McLaughlin, 500 U.S. 44, 55, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991); see also Lewis, 853
> F.2d at 1370 (recognizing that circumstances presented in case involving "over-detention" of
> inmate and McLaughlin were "clearly analogous"). An arrestee who is provided a hearing
> within that time period can prevail on a constitutional challenge only if he demonstrates the
> hearing was nonetheless "delayed unreasonably." McLaughlin, 500 U.S. at
> 56. [*1353] Among the delays that may be considered unreasonable are those "motivated by
> ill will against the arrested individual, or delay for delay's sake." Id. Conversely, "[w]here an
> arrested individual does not receive a probable cause determination within 48 hours . . ., the
> burden shifts to the government to demonstrate the existence of a bona fide emergency or
> other extraordinary circumstance." Id.at 57. In [**33] cases arising after McLaughlin,
> moreover, courts have recognized that an official may be denied qualified immunity where
> arrestees under his supervision was not given a probable cause determinations within forty-
> eight hours of arrest and no emergency or extraordinary circumstances justified the
> delay. See, e.g., Cherrington v. Skeeter, 344 F.3d 631, 643-44 (6th Cir. 2003) (reversing
> summary judgment in favor of defendants on grounds of qualified immunity where arrestee
> held for seventy-two hours without probable cause determination and no emergency or
> extraordinary circumstances justified delay); Lingenfelter v. Bd. of County Comm'rs of Reno
> County, 359 F. Supp. 2d 1163, 1173 (D. Kan. 2005) (denying sheriffs motion to dismiss on

grounds of qualified immunity where inmate was held eight days without judicial probable cause determination).

Id. at 1352-53.

7. Courts have primarily addressed the issue of how long a jail or prison may detain an individual after they are entitled to release in the context of civil lawsuits against jails or prisons for unlawfully over-detaining those individuals. In these cases, courts have found that even when individuals have been detained for *fewer than* fourth-eight hours after they were entitled to release, the defendants (jails or prisons) were not entitled to summary judgment. That is, civil suits in which individuals are detained for fewer than forty-eight hours present an issue for the jury, creating the possibility of civil liability. See e.g., Berry v. Baca, 379 F.3d 764, 769 (9th Cir. 2004) (finding that 29 hours of over-detention presented an issue for the jury); Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1310 (M.D. Fla. 2005) (finding that a 2.5 hour over-detention presented an issue for the jury); Lewis v. O'Grady, 853 F.2d 1366, 1370 (7th Cir. 1988) (finding that 11 hours of over-detention presented an issue for the jury).

8. Mr. Traweek has been in jail for 19 days longer than his legal sentence. This time period is far more than the 48-outer limit established by courts applying Riverside to over-detention cases. Mr. Traweek, through Counsel, has made efforts to contact individuals with decision-making authority in OPSO and DOC in order to secure his release, but he is still in custody without a legal basis. Mr. Traweek respectfully requests that this Court order his immediate release.

WHEREFORE, JOHNNY TRAWEEK prays that this Honorable Court grant him a Writ of

Habeas Corpus pursuant to La. C. Cr. P. Art. 362(2) and order his immediate release, or in the

alternative, prays that this Honorable Court order the Orleans Parish Sheriff's Office and the

Department of Corrections to state the authority for Mr. Traweek's continued custody.

Respectfully submitted,

Stanislav Moroz, La. Bar No. 35927
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
(504) 821-8101

## VERIFICATION

I, counsel for Defendant, duly sworn, hereby affirm that the facts alleged in the attached
motion for a Writ of Habeas Corpus are true to the best of my knowledge.

Respectfully Submitted,

Stanislav Moroz, Bar No. 35927
Counsel for the Accused
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
(504) 821-8101

Certificate of Service

I hereby certify that I have caused to be served by mail or hand delivery in open court a copy
of the foregoing document upon the prosecution on the day of filing.

4

IN THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

STATE OF LOUISIANA                    )
                                      )
                                      )
          v.                          )        Case No.    538-680
                                      )        Section     C
JOHNNY TRAWEEK,                       )        Judge       Benedict J. Willard
                                      )
          Defendant                   )

FILED: _____          DEPUTY CLERK: _____

## ORDER

Premises considered, it is HEREBY ORDERED that the Defendant's **WRIT OF HABEAS CORPUS AND IMMEDIATE RELEASE is GRANTED** and that the Orleans Parish Sheriff's Office and the Department of Corrections immediately release Johnny Traweek (DOB 4/18/1952).

It is HEREBY ORDERED that if Johnny Traweek is not immediately released, the Orleans Parish Sheriff's Office shall immediately produce Johnny Traweek (DOB 4/18/1952) before this court and state the authority for his continued incarceration.

_____
The Honorable Benedict J. Willard
Judge, Section C
Criminal District Court, Orleans Parish

Dated:

5

Case 2:19-cv-01384-MLB-JVM Document 153-11 Filed 09/03/19 Page 6 of 6

```
5/21/18 14:29:41        Online Booking Inquiry System      QPADEV003M   BK1I0103
Folder # Last Name              First Name      MI  R / S   D.O.B.     Type  --Location--A/I
2458584  TRAWEEK                JOHNNY          W   W / M   4/18/1952  DOC   OJC  2  D 13  A
Alias:                            A#:              Booked:             Bond:              DNA: Yes
        Accepted: 10/02/2017  2:42:15         Booked: 10/02/2017  08:59:17
        CCN:  11539216    B of I #:            Sec/Ct1:  -  /  -
Release:      00:00:00
Disposition/Date  Court Magist# Sc Arrest #  ------------ Sentence ------------
Stat. Violation   Sub/P Docket# Sc Arr. Date Yrs Mon Day Other        Date
Option: 6=Magistrate Docket    7=CDC Docket
SENTENCED-D  5/02/2018  S  567878  M2  12318323          7          5/02/2018
RS 14  34             538680  C  10/02/2017  AGG BATTERY
Details
Book: 10/02/2017 Next Court:                Early:             Bond:
                                                               Flat:
HOLD-CT   10/06/2017  M
    HOLD                     10/02/2017 HOLD
Details CONTACT MEDICAL BEFORE RELEASE
Book: 10/06/2017 Next Court:                Early:             Bond:
                                                               Flat:
                                                                       More....
                                                                       Fees Owed

F3=Exit      F5=MOTION      F12=Previous
```


EXHIBIT A