## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY TRAWEEK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 19-1384   SECTION "G" (1)** |
| | * | |
| **MARLIN GUSMAN, ET AL.** | * | **CHIEF JUDGE** |
| | * | **NANNETTE JOLIVETTE-BROWN** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **JANIS vanMEERVELD** |

**************************************

### REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION [157] TO SECRETARAY LEBLANC'S SECOND MOTION FOR SUMMARY JUDGMENT [153]

**I.  Plaintiff failed to meet his burden of overcoming LeBlanc's qualified immunity.**

The plaintiff—not the defendant—bears the burden of proof on a motion for summary judgment based on qualified immunity. *Solis v. Serrett*, 31 F.4th 975, 980 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a). Plaintiff does not contest that the qualified immunity defense applies equally to his claims under 42 U.S.C. § 1983 and his identical claims under the Louisiana Constitution.

**A. Plaintiff failed to show LeBlanc's conduct—his actions or inactions—was objectively unreasonable in light of clearly established law.**

Plaintiff alleges this Court "is to assess the *factual* question of whether LeBlanc's actions and inactions were objectively unreasonable." Doc. 157, p. 9. That is not a factual question. "The scope of clearly established law and the objective reasonableness of the defendant's acts" are questions of law. *Jason v. Tanner*, 938 F.3d 191, 194 (5th Cir. 2019); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) ("Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury"). It was plaintiff's burden to identify cases establishing the unreasonableness of defendant's actions. *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020); Doc. 129, p. 7 n.2. He failed to meet his burden.

To analyze objective legal reasonableness, the Court takes the defendant's actions and inactions as established through the summary judgment evidence,[1] and analyzes that set of facts in light of the well-defined or "clearly established" rules set forth in then-existing precedent. *See Pearson v. Callahan*, 555 U.S. 223, 244 (2009). The court considers the well-known legal question: whether the law is "so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *City of Tahlequah, Oklahoma v. Bond*, 42 S. Ct. 9, 11 (2021) (cleaned up); *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021) ("A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'") (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

Judge Feldman acknowledged and applied that legal analysis correctly as to the claims against former-defendants Tracy Dibenedetto and Ashley Jones. Doc. 129, p. 7 n.2, 9, 11-12. When asking this Court to bypass the objective legal reasonableness inquiry as to LeBlanc, Plaintiff suggests Judge Feldman affirmatively found that the contours of the right to timely release from prison are clearly established such that every reasonable officer in LeBlanc's position would know his conduct was unlawful in the situation he confronted. Doc. 157, p. 7 (citing Doc. 129 at 22). Judge Feldman held the opposite.

> [H]ere, the fact that reasonable officials in the defendants' positions would have known of Traweek's general entitlement to timely release does not make their acts and omissions – no matter how frustrating in hindsight – "objectively unreasonable" under the standards that govern this Court's analysis.

Doc. 129, p. 7 n.2. Judge Feldman then rejected plaintiff's arguments as to two of the defendants. *Id.* at 9 ("Whatever the strength of his factual allegations, Traweek cites no law that clearly establishes that DiBenedetto's chosen course of action was objectively unreasonable under the

---

[1] LeBlanc does not dispute that, even though the evidentiary burden rests with plaintiff, the court views the fact in a light most favorable to the plaintiff and resolves all disputes in his favor, in order to identify the set of facts that are then analyzed for objective legal reasonableness.

circumstances"); 11-12 ("Here, again, Traweek's utter failure to cite any caselaw clarifying the precise 'contours' of Traweek's abstract entitlement to a timely release from prison compels the Court to grant Jones qualified immunity").

Despite the express application of the proper legal analysis to the conduct of former-defendants DiBenedetto and Jones, Judge Feldman did not articulate his analysis—if it was conducted at all—as to LeBlanc's conduct. See Doc. 129, pp. 10-11, 13. As such, the Fifth Circuit *vacated* the denial of qualified immunity to LeBlanc and remanded with specific instructions to identify the facts about LeBlanc's conduct found by the district court to be sufficiently supported for summary judgment purposes and to conduct the "objective reasonableness" analysis detailed in *City of Tahlequah* and *Rivas-Villegas*. Doc. 146-1, pp. 7-8.

LeBlanc's alleged conduct is delineated in bullet points on pages 9-11 and 13-14 of plaintiff's memorandum. LeBlanc is not accused of being personally involved in plaintiff's detention. He is only sued for actions taken in his role as DPSC's policymaker. See Doc. 16, p. 21; Doc. 129, p. 13.

Plaintiff did not analyze LeBlanc's actions or inactions in light of clearly established law. See Doc. 157, p. 8. He admits that, to determine whether LeBlanc's actions and inactions were objectively unreasonable in light of clearly-established law,[2] the Supreme Court requires he "identify a case that put [the defendant] on notice that his specific conduct was unlawful." Doc.

---

[2] The Defendant emphatically disagrees with the conclusion that the "right to timely release" is "clearly established" as that term is used in the qualified immunity context. The explanation of why the contours of the vague constitutional right to "timely" release are not clearly defined begins on page 14 of LeBlanc's memorandum in support of his second motion for summary judgment. Doc. 153-2, p. 14. Plaintiff does not respond to that argument other than to say it was "rejected as to LeBlanc" in Judge Feldman's earlier ruling. Doc. 157, p. 7 (citing Doc. 129 at 22). However, Judge Feldman's actual finding regarding the "clearly established" nature of that right is on pages 11 and 12 of his ruling on LeBlanc's first motion for summary judgment (Doc. 129) in the holding dismissing the claims against Ashley Jones: (footnote omitted).

157, p. 7 (quoting *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4, 8-9 (2021)).[3] And he argues that the cases cited by the panel in *Crittindon* set the "parameters of the clearly-established law that the parties are working within." *Id*. But plaintiff did not conduct the proper legal analysis in light of those cases. Nonetheless, LeBlanc hereinafter briefly explains why the actions and inactions described by the plaintiff were not objectively unreasonable in light of the cases cited by the plaintiff.

Plaintiff alleges DPSC's internal processing delays—the amount of time it took DPSC to calculate plaintiff's sentence and release date once DPSC allegedly learned of plaintiff's confinement and received his paperwork—was too long. Doc. 157, pp. 15-16. That issue has already been resolved. Judge Feldman held that the actions taken by DPSC employee Tracy Dibenedetto, with regard to her response to email inquiries, and by Ashley Jones with regard to the calculation of plaintiff's sentence after DPSC received his paperwork were not objectively unreasonable or unconstitutional. Doc. 129, pp. 10, 12. As such, plaintiff has not identified any unconstitutional policy or practice with regard to DPSC's employees.

The question is, therefore, whether it was objectively unreasonable in light of clearly established law for LeBlanc to have failed to require the independently-elected Sheriff of Orleans Parish transmit paperwork to DPSC in fewer than 15 days. See *Crittindon*, 37 F.4th at 186–87 (noting plaintiffs' argument that LeBlanc "should be held liable for failing to require local jails to transmit pre-classification paperwork to DPSC by a stated deadline"). There is no dispute that the Sheriff is an independently-elected, autonomous government official. There is also no dispute that the Sheriff is statutorily obligated to prepare and transmit the requisite paperwork to DPSC. LA.

---

[3] Plaintiff alleges there is "a body of relevant case law" showing the right to timely release from prison is "clearly established." Doc. 157, p. 8 (citing cases listed in n. 37). But plaintiff does not explain how any of the cases cited put LeBlanc on notice that his specific conduct was unlawful.

4

REV. STAT. § 15:566(B); LA. CODE CRIM. PRO. art. 892(C). Plaintiff's glaring failure to analyze that alleged inaction in light of the cases that purportedly "clearly established" the right is discussed below. See doc. 157 p. 8 n.37 (listing cases).

Preliminarily, the plaintiff reurges the expressly-rejected argument that courts have established that any administrative delay longer than "immediate or near-immediate" is objectively unreasonable. Doc. 157, pp. 3-5. But that argument was expressly rejected by the majority in *Crittindon*, which found "courts have declined to define the amount of delay that is reasonable." *Crittindon*, 37 F.4th at 188. The *Crittindon* majority, furthermore, did not define a particular amount of time that is reasonable for the transmission of paperwork to DPSC.

In *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1968), the plaintiff was detained for nine months after all charges against him were dropped. Nothing about the factual circumstances of *Whirl* establish the objective unreasonableness of LeBlanc's conduct in this case. Notably, the *Whirl* court mentioned that "a list of dismissals was then sent to the Sheriff's office" but the court did not say when that paperwork was transmitted to the Sheriff's office or what the Sheriff's duties were with regard to demanding the judges transmit that paperwork faster. *Id.* at 785.

The next case cited by the plaintiff was *Bryan v. Jones*, 530 F.2d 1210 (5th Cir. 1976) (en banc), in which the Fifth Circuit held:

> In a case such as this one, where there is no discretion and relatively little time pressure, the jailer will be held to a high level of reasonableness as to his own actions. If he negligently establishes a record keeping system in which errors of this kind are likely, he will be held liable. But if the errors take place outside of his realm of responsibility, he cannot be found liable because he has acted reasonably and in good faith. Instructions outlining these requirements for a reasonable, good faith defense should have been given in this case, in light of defendant's timely request for such an instruction.

*Id.*, at 1215. The irrelevancy of *Bryan* is multitudinous. Negligence is not the governing standard— deliberate indifference is. This is not a case where the Secretary had no discretion; this is a case

about policymaking and administration of the State's corrections department. See *Turner v. Safley*, 482 U.S. 78, 85 (1987) (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)). This is not a case where there is "relatively little time pressure"—it is a case where the plaintiff is literally faulting the State for its failure to act "immediately or near immediately." And this is not a case about an error;[4] it is a case about a delay in transmission of paperwork from the parish sheriffs and courts to DPSC. Nothing in *Bryan* establishes that the failure of the Secretary to ensure DPSC received Traweek's paperwork in less than fifteen days was objectively unreasonable.

In *Douthit v. Jones*, 619 F.2d 527 (5th Cir. 1981), the Fifth Circuit held "Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process." *Id*. at 532. *Douthit* was not "overdetained" due to a delay in transmission of paperwork to the Sheriff's office. *Id*. at 530-31. So, *Douthit* does not speak to the unreasonableness of LeBlanc's actions in this case.

Plaintiff next cites *Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011), in which the Fifth Circuit reversed the denial of qualified immunity to the Secretary of the Mississippi Department of Corrections. An MDOC records department employee erroneously calculated Porter's sentence, which resulted in the overdetention. *Id*. Porter was allegedly overdetained for <u>fifteen months</u> in the custody of the MDOC and, yet, the Fifth Circuit did not hold the MDOC secretary personally liable for that detention. *Id*.  Nothing in *Porter* pertained to administrative delays or could have given the Secretary notice that he was required to ensure DPSC obtained paperwork from the parish officials in less than fifteen days.

The final two cases cited by the plaintiff are *Hicks v. LeBlanc*, 832 F. App'x 836 (5th Cir. 2020) and *Crittindon*, which was discussed above. *Hicks* is another case in which LeBlanc was

---

[4] In *Bryan,* there was a typographical error involving a warrant number. *Bryan* at 1212.

granted qualified immunity. *Hicks* was allegedly overdetained by 60 days, three times as long as Traweek, yet the Fifth Circuit found that LeBlanc did not violate his constitutional rights. Like in *Porter*, the claim in *Hicks* was that a DPSC records office employee miscalculated Hicks's sentence—Hicks's claim had nothing to do with delays associated with the transmission of paperwork from parish officials and Hicks was not due for release "immediately or near-immediately" after sentencing. *Id*. at 838.  *Hicks*, like all of the other cases cited by the plaintiff, does not speak to the legal unreasonableness of LeBlanc's conduct with regard to implementing or changing DPSC policy to obtain paperwork from parish officials more expeditiously.

The plaintiff failed to show that LeBlanc's actions or inactions were objectively unreasonable in light of the cases he cited because all of the cases he cited are substantively distinguishable. Therefore, LeBlanc is entitled to qualified immunity from suit and to dismissal of the § 1983 and Louisiana Constitution claims against him with prejudice.

### B.  Plaintiff failed to show LeBlanc violated his due process rights.

Plaintiff alleges his Fourteenth Amendment due process rights were violated because he was not released from the Orleans Parish Jail within 48 hours after he was sentenced to time served. Doc. 16, p. 17. LeBlanc argued plaintiff's constitutional rights were not violated because only detentions *without due process* violate the Fourteenth Amendment, the entirety of his incarceration was supported by valid court orders, and he received all necessary due process. Doc. 153-2, pp. 7-8 (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979); *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)). Plaintiff neither acknowledged nor opposed that argument. Significantly, plaintiff did not dispute the validity of the two court orders, which established the legality of his entire incarceration. *Accord* Doc. 16, p. 17; *Douthit*, 619 F.2d at 532. Therefore, plaintiff failed to show

his Fourteenth Amendment due process rights were violated and LeBlanc is entitled to qualified immunity.

## II.     This Court may consider LeBlanc's argument on the applicability of *Heck*

This Court instructed LeBlanc to file a new motion for summary judgment, with a new hearing date, and new briefing schedule. Doc. 150. LeBlanc was instructed to address "the qualified immunity issue, the Fifth Circuit's Order, and the cases cited therein" in his new motion. *Id*. This Court did not limit LeBlanc's motion for summary judgment to the qualified immunity issue. At a minimum, any matter in "the Fifth Circuit's Order" could be brought in the new motion. Undisputedly, the panel *sua sponte* acknowledged that *Heck* is an issue in this case. Doc. 146-1, p. 3 n.2. The panel noted, however, that *Heck* was not raised as an issue in that appeal and would not be considered on the merits, as it had been in *Crittindon*. *Id*. LeBlanc's renewed *Heck* argument is appropriate in light of the panel's note, this Court's order, and Judge Oldham's thorough analysis of the *Heck* bar in his dissent in *Crittindon*, which was cited by the panel in this case.

## III.    This Court may consider LeBlanc's arguments on the state law tort claims.

LeBlanc argued he is entitled to summary judgment on the state law tort claims of negligence and vicarious liability. Doc. 153-2, pp. 18-20. Plaintiff did not substantively respond to that argument. Instead, he averred, "LeBlanc's arguments about state law torts are barred by the law of the case doctrine" because Judge Feldman already denied summary judgment to LeBlanc on those state law claims. Doc. 157, p. 17. The Fifth Circuit did not consider on appeal the denial of summary judgment on the state law negligence and vicarious liability claims. *Id*. at p. 18. Therefore, the rulings on those claims are not part of the law of the case.

"The law-of-the-case doctrine does not . . . set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error." *United States v. Palmer*, 122 F.3d 215,

220 (5th Cir. 1997) (citing *United States v. Horton*, 622 F.2d 144, 149 (5th Cir. 1980)). The law of the case doctrine provides that "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *Gene & Gene, L.L.C. v. BioPay, L.L.C.,* 624 F.3d 698, 702 (5th Cir. 2010) (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006)). "Conversely, an issue that is not expressly or implicitly decided on appeal does not become part of the law of the case." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (*citing Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir.2001)). "[I]n civil cases a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, as those rulings are not immutable and lack res judicata effect." *Palmer*, 122 F.3d at 220–21 (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993); *Horton*, 622 F.2d at 148). The law-of-the-case doctrine is inapplicable here.

Plaintiff also argues this Court instructed LeBlanc to address qualified immunity and did not grant permission to LeBlanc to argue he is entitled to summary judgment on the state law negligence and vicarious liability claims. Doc. 157, p. 18. LeBlanc's argument on those state tort claims does not violate this Court's instructions. As explained in his supporting memorandum, LeBlanc's legal duties under state law are relevant to or dispositive of his entitlement to qualified immunity such that this Court will inevitably consider that essential element of the state law claims when evaluating LeBlanc's qualified immunity. Doc. 153-2, p. 18. Plaintiff does not acknowledge or challenge that argument.

Furthermore, in support of that argument, LeBlanc cited *Crittindon*—which the parties were expressly instructed to discuss—and the Fifth Circuit's ruling in *Grant v. LeBlanc*, No. 21-

30230, 2022 WL 301546, at *6 (5th Cir. Feb. 1, 2022). Although *Grant* was not cited in the Fifth Circuit's opinion in this case, it was decided on February 1, 2022, after Judge Feldman's ruling in this case. See Doc. 129 (filed January 20, 2022). And the *Grant* case is indisputably relevant to the instant case; plaintiff cites it several times in his memorandum.[5] Doc. 157, pp. 4 n.21, 9 n.40, 15 n.97 (all referencing district court orders denying qualified immunity to LeBlanc). Because this Court will undisputedly consider the legal duties owed by LeBlanc under state law—if any—when analyzing his qualified immunity defense, it is appropriate for the Court to reconsider the denial of summary judgment on those claims when reevaluating the qualified immunity defense.

## IV.    Conclusion

For the reasons stated herein and in LeBlanc's original motion and accompanying memorandum, his Second Motion for Summary Judgment should be granted and all a final judgment should be rendered in his favor.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (La. #29878)**          **ANGELA O'BRIEN (La. #34010)**
**ASSISTANT ATTORNEY GENERAL**             **ASSISTANT ATTORNEY GENERAL**
**(Lead Counsel)**
Louisiana Department of Justice,           Louisiana Department of Justice,
Litigation Division                        Litigation Division
1885 North Third Street, 3rd Floor         1450 Poydras Street, Suite 900
Post Office Box 94005 (70804-9005)         New Orleans, Louisiana  70112
Baton Rouge, Louisiana 70802               Telephone:    (504) 599-1200
Telephone: (225) 326-6300                  Facsimile:     (504) 599-1212
Facsimile: (225) 326-6495                  E-mail: O'BrienA@ag.louisiana.gov
E-mail: GlazerP@ag.louisiana.gov

---

[5] Plaintiff did not cite the Fifth Circuit's ruling in *Grant*. He only cited the underlying district court opinions denying qualified immunity to LeBlanc. The Fifth Circuit reversed the denial of qualified immunity and rendered judgment in favor of LeBlanc.  *Grant*, 2022 WL 301546, at *1.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of January, 2023, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.


_/s/Phyllis E. Glazer_
**PHYLLIS E. GLAZER**
**ASSISTANT ATTORNEY GENERAL**