UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TRAWEEK | CIVIL ACTION |
| VERSUS | NO. 19-1384 |
| MARLIN GUSMAN, ET AL. | SECTION: "G" (1) |

**Second Supplement to Plaintiff's Opposition to LeBlanc's Second Motion for Summary Judgment**

LeBlanc's Second Motion for Summary Judgment was filed on November 14, 2022.[1] Plaintiff filed Opposition on December 8, 2022.[2] The motion was set for submission on December 21, 2022.[3] Thereafter, LeBlanc filed a motion for leave to file a reply brief,[4] which was accepted on January 10, 2023.[5] Oral argument was held on January 11, 2023.[6] In Defendant's motion[7] and during oral argument, counsel for LeBlanc specifically highlighted that the petition for rehearing *en banc* was still pending in *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022).

On January 31, 2023, the U.S. Court of Appeals for the Fifth Circuit denied the defendants' motion for rehearing *en banc* of its decision in *Crittindon*. *Crittindon v. LeBlanc*, 2023 WL 1228310 (5th Cir. Jan. 31, 2023) (No. 20-30304, ECF 105-2) (attached as Exhibit A). Mandate is set to issue in *Crittindon* on February 8, 2023. *See* No. 20-30304, dkt. entry 105.

In *Crittindon*, the Fifth Circuit held that Defendant James LeBlanc and other officials violated the plaintiffs' clearly established right to timely release from prison by: (1) failing to adopt policies ensuring the timely release of individuals in the custody of the Louisiana Department of

---

[1] R. Doc. 153
[2] R. Doc. 157
[3] R. Doc. 156
[4] R. Doc. 158
[5] R. Doc. 161
[6] R. Doc. 163
[7] R. Doc. 153-2, n. 22.

1

Corrections (DOC); and (2) directly participating in the conduct that caused their overdetention. The Fifth Circuit explained that "a reasonable jury could find that Defendants knew of a pattern of similar constitutional violations, such that their inaction amounted to a disregard of an obvious risk." 37 F.4th at 187 (internal quotation marks omitted). Further, "[a] reasonable factfinder could conclude that [LeBlanc's] awareness of this pattern of delays and [his] conscious decision not to address it rises to the level of deliberate indifference." *Id.* at 187-88. Finally, because a reasonable jury could find that the defendants' inaction was objectively unreasonable in light of clearly established law, defendants failed to show they were entitled to qualified immunity on those claims. *Id.* at 188.

*Crittindon* confirms that LeBlanc may be held liable for the systemic overdetention of individuals held in DOC custody. Accordingly, Plaintiff respectfully submits the following supplemental authority in further opposition to LeBlanc's Second Motion for Summary Judgment:

- Exhibit A: *Crittindon v. LeBlanc*, 2023 WL 1228310 (5th Cir. Jan. 31, 2023) (No. 20-30304, ECF 105-2) (denying rehearing *en banc*); and

- Exhibit B: *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022) (holding that LeBlanc and other officials violated the plaintiffs' clearly established right to timely release from prison).

Respectfully submitted,

*/s/ Casey Denson*
Casey Rose Denson (La. Bar. No. 33363)
4601 Dryades Street
New Orleans, LA 70115
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com

/s/ *William Most*
William Most (La. Bar No. 36914)
williammost@gmail.com
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023