UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY TRAWEEK** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 19-1384  SECTION "G" (1) |
| | * | |
| **MARLIN GUSMAN, ET AL.** | * | CHIEF JUDGE |
| | * | NANNETTE JOLIVETTE-BROWN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS vanMEERVELD |

*************************************

**SUR-REPLY MEMORANDUM BY DEFENDANT JAMES LEBLANC**

**MAY IT PLEASE THE COURT:**

Plaintiff filed two supplemental memoranda in opposition to the court-ordered Second Motion for Summary Judgment of Secretary LeBlanc. Docs. 166, 169. In the first supplement, he offers three exhibits: a press release, a report by the USDOJ, and a cover letter that accompanied the report. Doc. 164. In the second supplement, plaintiff attaches as exhibits the majority and dissenting opinions in *Crittindon* and the Order denying rehearing *en banc* by a vote of 7-9. Herein, James LeBlanc briefly responds to both supplemental memoranda and the exhibits attached thereto.

**I.    The USDOJ press release and cover letter are inadmissible hearsay.**

The press release issued by the Department of Justice Office of Public Affairs and the cover letter accompanying the USDOJ report—Exhibits B and C (Doc. 166 at 32-37)—are inadmissible hearsay. "Hearsay" is an out of court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Plaintiff does not explain why he offers either the press release or the cover letter so it should be assumed they are offered to prove the truth of the matter asserted therein. Doc. 164-2, p. 2. Furthermore, in his supplemental memorandum, plaintiff only

1

cites the report—attached as Exhibit A—and quotes USDOJ's findings from the report. Doc. 166, p. 1.

Hearsay is inadmissible unless a rule provides for its admissibility. Fed. R. Evid. 802. Press releases, like newspaper articles, are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). And, the press release and cover letter—unlike the USDOJ report itself—do not fit into the public records exception to inadmissibility. Fed. R. Evid. 803(8).

Inadmissible hearsay cannot be used to support or oppose a motion for summary judgment. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir.1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial."); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir.1991) ("Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless.") (internal quotes and citations omitted). Because the press release and cover letter are inadmissible hearsay and no exception applies to establish their admissibility, those exhibits should be excluded and not considered in connection with the pending motion for summary judgment.

> II. **The USDOJ report, press release, and cover letter, are irrelevant to the claims in this lawsuit.**
>
> A. **The USDOJ report is irrelevant to the claims in this lawsuit because it only pertains to offenders in DPSC custody and the plaintiff was never in DPSC physical or legal custody.**

The USDOJ findings pertain to alleged constitutional violations of people in the legal custody of DPSC. Doc. 164-2, p. 6. Johnny Traweek was undisputedly *not in DPSC custody*. He was a parish inmate sentenced to serve seven months in parish custody, who served his entire

sentence and the alleged overdetention[1] in parish jail. USDOJ notes that under Louisiana state law, "once an individual is convicted of *a state felony*, legal custody of the individual is transferred from the Sheriff to LDOC." Doc. 164-2, p. 14. USDOJ found "LDOC is responsible for the due process violations arising from the systemic overdetention of individuals *in its custody*." *Id*. at 8 (emphasis added). The phrase "LDOC custody" is used 12 times in the report, "in its custody" is used 17 times, and "state custody" is used an additional 12 times. USDOJ did not discuss a single situation or make any finding about a situation where the individual was convicted of a parish offense, sentenced to parish time, and who remained in the physical and legal custody of the parish sheriff at all times. Specifically, USDOJ did not find systemic deficiencies in DPSC policies that caused the violation of constitutional rights of people in *parish custody*.

### B. The USDOJ report is also irrelevant because it does not discuss or opine on alleged fault of James LeBlanc, individually.

James LeBlanc, personally, is the only defendant remaining in this lawsuit. All official capacity claims were dismissed. Neither the State of Louisiana, nor its Department of Public Safety and Corrections, is a party. Plaintiff's citation to and reliance on the USDOJ report, cover letter, and press release, highlight his improper effort to obtain a "*Monell/Hinojosa*" judgment for money damages that is nominally entered against LeBlanc but where the State, through DPSC, is the real party in interest. That effort commenced with the outset of the suit against LeBlanc and continues to this day. Doc. 16. In the first Amended Complaint, plaintiff joined LeBlanc in this lawsuit in his individual and official capacities. Doc. 16, p. 1. He sued LeBlanc under *Monell/Hinojosa*. *Id*. at p. 21, ¶110, *et seq*. Plaintiff refuses to acknowledge that *Monell v. New*

---

[1] As explained in LeBlanc's Motion for Summary Judgment (Doc. 153-2, pp. 7-8), Johnny Traweek was not "overdetained" in violation of the Fourteenth Amendment because only a detention without due process violates the 14th Amendment. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). See also Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980) ("Detention of a prisoner thirty days beyond the expiration of his sentence *in the absence of a facially valid court order or warrant* constitutes a deprivation of due process.") (emphasis added). Johnny Traweek was given due process throughout his entire incarceration up to and including the hearing on his habeas motion, which was denied.

3

*York City Dep't. of Soc. Servs.*, 436 U.S. 658 (1978) and *Hinojosa v. Butler*, 547 F.3d 285 (5th Cir. 2008) pertain to *municipal liability*, LeBlanc remains a party to that count, and it is the one plaintiff focuses on as the basis for the due process claim against LeBlanc.

The Supreme Court has cautioned that, in damages actions against public officials, "careful adherence" must be paid "to the distinction between personal- and official-capacity action suits." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Where, as here, the plaintiff fails to prove LeBlanc's personal liability and, instead, seeks to hold him responsible for the failures of other entities, judgment must be entered in favor of LeBlanc. See *Ashcroft v. Iqbal*, 556 U.S. 662, 677, (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). See also *Grant v. LeBlanc*, No. 21-30230, 2022 WL 301546, at *6 (5th Cir. Feb. 1, 2022) (reversing the denial of qualified immunity to LeBlanc in an overdetention case based in part on finding that plaintiff "erroneously conflates whether the Secretary, *in his role as DPSC Secretary*, can be held *personally* liable for [plaintiff's] overdetention caused by other entities.")

Plaintiff alleges the findings of a USDOJ investigation support his argument that "James LeBlanc has been deliberately indifferent to LDOC's long and widespread practice of overdetaining people who are entitled to immediate release." Doc. 164-2. But he points to no particular finding or portion of the USDOJ report that supports that allegation. The absence of a citation is likely because the USDOJ did not find LeBlanc was deliberately indifferent. All of its findings were about the Louisiana Department of Public Safety and Corrections. Because the plaintiff did not point to any particular finding within the USDOJ report, press release or cover letter pertaining to the person actually being sued, it is reasonable to conclude that the plaintiff intends LeBlanc to be a nominal defendant and that DPSC is the real party in interest.

4

**C. The USDOJ report is also irrelevant to the pending motion for summary judgment because it does not explain how LeBlanc's conduct was objectively unreasonable in light of clearly established constitutional law.**

Plaintiff previously argued that LeBlanc's qualified immunity is the only issue[2] for this Court to review on remand following the 5th Circuit's ruling, which vacated the denial of his qualified immunity defense. See Doc. 157, p. 18 (quoting Doc. 150, p. 2) (stating that this Court only allowed LeBlanc to "file a motion for summary judgment addressing the qualified immunity issue, the Fifth Circuit's Order, and the cases cited therein.") Plaintiff's supplemental memorandum, however, does not mention the qualified immunity defense or explain how the USDOJ report is relevant to any part of that legal inquiry.

Notably, however, the USDOJ report supports LeBlanc's contention that the law is <u>not</u> clearly established. USDOJ stated that due process protections "extend to the right to timely release from incarceration." Doc. 164-2, p.12 (*citing Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)). USDOJ then stated, "courts in the Fifth Circuit (and elsewhere) have not adopted a bright line rule regarding whether overdetention of less than 30 days would amount to a constitutional violation, other Circuits have held that even delays of less than 48 hours can be unconstitutional depending on the circumstances." Doc. 164-2, p. 7 (citations omitted). That summary of applicable due process law supports LeBlanc's conclusion that the law is not clearly established.

**III. Response to plaintiff's second supplemental memorandum (Doc. 167-2).**

Plaintiff alleges "in *Crittindon*, the Fifth Circuit held that Defendant James LeBlanc . . . violated the plaintiffs' clearly established right to timely release from prison." Doc. 167-2, p. 1. That allegation brazenly misstates the *Crittindon* ruling. The majority concluded "reading the

---

[2] Because this Court instructed LeBlanc to file a *new* motion for summary judgment instead of ordering the defendant to renew, reset, or reurge his first motion as anticipated by the remand. LeBlanc also raised *Heck v. Humphrey* and explained that the state law tort claims (separate from the Louisiana Constitutional claim) are subject to dismissal on summary judgment.

record before us, we cannot say now that these Defendants have qualified immunity, however the case may develop in further trial proceedings." *Crittindon v. LeBlanc*, 37 F.4th 177, 192 (5th Cir. 2022). As to LeBlanc, the panel found "[a] reasonable factfinder could conclude" that LeBlanc acted with deliberate indifference. *Id*. at 187-88. The panel definitively did not find that LeBlanc or any other defendant violated plaintiffs' constitutional rights. This Court should not accept plaintiff's misstatement of the *Crittindon* ruling in place of a proper evaluation of the law and facts currently before this Court.

**IV.    *Frederick v. LeBlanc*, No. 21-30660 (5th Cir. 2/1/23), 2023 WL 1432014.**

On February 1, 2023, a unanimous panel of Fifth Circuit judges vacated another denial of qualified immunity to James LeBlanc in an overdetention case and remanded to the district court to reconsider the facts in the record. The opinion is unpublished. But, plaintiff cited the underlying case in opposition to LeBlanc's Motion for Summary Judgment. Doc. 157, pp. 15 n.97, 21-22 n.136.

Significantly, in vacating the denial of qualified immunity to LeBlanc, the panel noted that the right of inmates to be timely released from prison is a "broad right." *Frederick*, No. 21-30660, 2023 WL 1432014, at *3. The panel then assumed, for purposes of the appeal only, that the "broad right" was clearly established.

Furthermore, the panel reaffirmed that the burden of proof is on the plaintiff—not the defendant—to overcome the qualified immunity defense. *Id* at *3-4. And, along those lines, the panel did not rest on the *Crittindon* ruling—as the plaintiff would have this court do—to substitute for the actual summary judgment record. In fact, the Court in *Frederick* only cited *Crittindon* in relation to the Heck v. Humphrey argument. *Id*. at *5. The absence of a citation to *Crittindon* in

Case 2:19-cv-01384-NJB-JVM   Document 170-2   Filed 02/03/23   Page 7 of 8

connection with the discussion of qualified immunity proves again that *Crittindon* is not dispositive of LeBlanc's qualified immunity defense.

### IV. Conclusion

Neither of plaintiffs' supplemental memoranda contain facts or legal argument relevant to the claims and defenses actually pending before this court in connection with LeBlanc's second motion for summary judgment. The Fifth Circuit has rendered judgment granting qualified immunity to LeBlanc *twice* in overdetention cases. *Hicks v. LeBlanc*, 832 F.App'x 836 (5th Cir. 2020); *Grant v. LeBlanc*, No. 21-30230, 2022 WL 301546 (5th Cir. Feb. 1, 2022). The Fifth Circuit has also twice vacated the denial of qualified immunity to LeBlanc. *Frederick, supra*; *Traweek,* 2022 WL 2315444 (5th Cir. 2022). Plaintiff's strategy of saturating the record with facts and evidence not relevant to the issues before the court and of misstating the *Crittindon* ruling— which merely remanded *that case* for trial—should not successfully distract from the essential elements of plaintiff's claims against LeBlanc, personally, and his failure to raise a genuine issue of material fact for trial on each essential element.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

*s/Phyllis E. Glazer*

| | |
|---|---|
| **PHYLLIS E. GLAZER (La. #29878)**<br>**ASSISTANT ATTORNEY GENERAL**<br>**(Lead Counsel)**<br>Louisiana Department of Justice,<br>Litigation Division<br>1885 North Third Street, 3rd Floor<br>Post Office Box 94005 (70804-9005)<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 326-6300<br>Facsimile: (225) 326-6495<br>E-mail: GlazerP@ag.louisiana.gov | **ANGELA O'BRIEN (La. #34010)**<br>**ASSISTANT ATTORNEY GENERAL**<br>Louisiana Department of Justice,<br>Litigation Division<br>1450 Poydras Street, Suite 900<br>New Orleans, Louisiana 70112<br>Telephone: (504) 599-1200<br>Facsimile: (504) 599-1212<br>E-mail: O'BrienA@ag.louisiana.gov |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of February, 2023, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

       /s/*Phyllis E. Glazer*
**PHYLLIS E. GLAZER**
**ASSISTANT ATTORNEY GENERAL**