UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY TRAWEEK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 19-1384   SECTION "G" (1)** |
| | * | |
| **MARLIN GUSMAN, ET AL.** | * | **CHIEF JUDGE** |
| | * | **NANNETTE JOLIVETTE-BROWN** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **JANIS** v**AN**M**EERVELD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**SUPPLEMENTAL MEMORANDUM BY DEFENDANT JAMES LEBLANC**</u>

**MAY IT PLEASE THE COURT:**

On February 14, 2023 a unanimous panel of the U.S. Fifth Circuit Court of Appeals rendered a published opinion in *Taylor v. LeBlanc*, --- F.4th ----, No. 21-30625 (5th Cir. 2/14/23). *Taylor* is another "overdetention" case, in which the offender claimed he was detained beyond the expiration of his sentence and that DPSC Secretary James LeBlanc was personally liable for that detention under a supervisory liability theory. *Taylor* Op. at 1-2. The district court in *Taylor* denied qualified immunity to LeBlanc. *Id*. The panel unanimously reversed. *Id*. The *Taylor* opinion is relevant here on the second prong of the qualified immunity defense raised by LeBlanc—the objective reasonableness of his conduct in light of clearly established law.

When this case was remanded, the Fifth Circuit instructed this court to "revisit its qualified immunity analysis . . . in the light of the Supreme Court's most recent guidance in *City of Tahlequah v. Bond*, 142 S. Ct. 9 (2021) (per curiam), and *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021) (per curiam)." As discussed in LeBlanc's memorandum in support of his second motion for summary judgment, both of those opinions focused on the second prong of the qualified immunity defense and the analysis of defendants' conduct in light of clearly established law. Doc.

1

153-2, pp. 15-16. See also Doc. 162 pp. 5-7. The *Taylor* opinion also focused on that second prong of the qualified immunity analysis.

> I. **The Court in *Taylor* Articulated the Legal Questions Material to LeBlanc's Qualified Immunity Defense in This—and Every Other—Overdetention Case.**

In opposition to LeBlanc's second motion for summary judgment, plaintiff argues that the relevant question for qualified immunity purposes is whether the right at issue is clearly established. Doc. 157, pp. 7-8. However, that is only part of the relevant inquiry. The Fifth Circuit in *Taylor* specifically articulated both relevant questions for purposes of evaluating the qualified immunity defense of Secretary LeBlanc from an overdetention claim:

> "The second prong of the qualified immunity test is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law."

Op. at 6 (quoting *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (5th Cir. 1998)). The court recognized that "it is clearly established that inmates have the right to timely release from prison consistent with the terms of their sentences." Op. at 7 (citing *Crittindon*, 37 F.4th at 188; *Porter*, 659 F.3d at 445).[1] The court then granted qualified immunity because the plaintiff failed to show LeBlanc's conduct was objectively unreasonable in light of that clearly established right. *Id*.

> II. **Deliberate indifference and objective reasonableness are separate inquiries.**

A finding of deliberate indifference is not dispositive of the qualified immunity inquiry. Deliberate indifference is the standard for evaluating whether liability can be imposed on a supervisory official for constitutional violations committed by his subordinates. See e.g. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). The *Taylor* panel explained that "deliberate indifference

---

[1] Less than two weeks before the *Taylor* opinion was rendered, the same panel issued an opinion in a different overdetention case in which it described the right to timely release from prison as a "broad right". *Frederick v. LeBlanc*, No. 21-30660, 2023 WL 1432014, at *3 (5th Cir. Feb. 1, 2023) (per curiam).

and objective unreasonableness are separate inquiries." Op. at 5 (citing *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 328 (5th Cir. 1998) ("Obviously, the analysis for objective reasonableness is different from that for deliberate indifference (the subjective test for addressing the merits).")). Here, the plaintiff—like the district court in *Taylor*—focused only on the deliberate indifference issue. Doc. 157, p. 15 (arguing "Mr. Traweek's evidence is stronger than *Crittindon*" on the issue of deliberate indifference).

### III. The question of objective reasonableness in light of clearly established law is a legal question—not a fact question.

The *Taylor* opinion expressly rejects the argument—also made by plaintiff in this case—that the question of whether LeBlanc's conduct was objectively unreasonable is a fact issue. See Doc. 157, p. 9 ("The task for the parties and the Court now is to assess the *factual* question of whether LeBlanc's actions and inactions were objectively unreasonable.") The *Taylor* court explained, "we have long held precisely the opposite. Whether 'a given course of conduct would be objectively unreasonable in light of clearly established law' is a 'purely legal question' . . ." Op. at 7 (quoting *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004)).  See also *Frederick v. LeBlanc*, No. 21-30660, 2023 WL 1432014, at *3 (5th Cir. Feb. 1, 2023) ("both steps of the qualified immunity analysis are questions of law").

Plaintiff does not explain how any of the cases he cites, which purportedly "clearly establish" his right to release, made it clear to LeBlanc that "his conduct was unlawful in the situation he confronted."  Op. at 7 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

### IV. The burden of showing objective reasonableness in light of clearly established law rests with the plaintiff.

Finally, the *Taylor* court made clear that the burden of overcoming the qualified immunity defense—including the objective reasonableness question—belongs exclusively to the plaintiff. Op. at 8 (citing *Angulo v. Brown*, 978 F.3d 942, 949 (5th Cir. 2020) ("The plaintiff has the burden

to negate a properly raised defense of qualified immunity.")). And, the Court held, a plaintiff cannot meet his burden of showing the defendant's actions are objectively reasonable with reliance on unsubstantiated conclusory allegations. *See id.*

V.   **Conclusion**

*Taylor v. LeBlanc* marks the fifth time the Fifth Circuit reversed or vacated a district court's denial of qualified immunity to James LeBlanc in an "overdetention" case. *Taylor* (reversed); *Frederick* (vacated); *Traweek* (vacated); *Grant* (reversed); and *Hicks* (reversed).[2] Three of those rulings—*Taylor, Frederick* and *Traweek*—were decided after *Crittindon*,[3] which was the only case in which the Fifth Circuit In those cases vacating or reversing the denial of qualified immunity, the Fifth Circuit implored the district courts to apply the proper legal standard for analyzing the qualified immunity defense and to hold the plaintiff to his burden of overcoming the defense. Plaintiff failed to meet his burden in this case.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*s/Phyllis E. Glazer*
_____
**PHYLLIS E. GLAZER (La. #29878)**            **ANGELA O'BRIEN (La. #34010)**
**ASSISTANT ATTORNEY GENERAL**               **ASSISTANT ATTORNEY GENERAL**
**(Lead Counsel)**
Louisiana Department of Justice,             Louisiana Department of Justice,
Litigation Division                          Litigation Division
1885 North Third Street, 3rd Floor           1450 Poydras Street, Suite 900
Post Office Box 94005 (70804-9005)           New Orleans, Louisiana  70112
Baton Rouge, Louisiana 70802                 Telephone:    (504) 599-1200
Telephone: (225) 326-6300                    Facsimile:    (504) 599-1212
Facsimile: (225) 326-6495                    E-mail: O'BrienA@ag.louisiana.gov
E-mail: GlazerP@ag.louisiana.gov

---

[2] *Taylor v. LeBlanc*, --- F.4th ----, No. 21-30625 (5th Cir. Feb. 13, 2023); *Traweek v. LeBlanc*, No. 21-30096, 2022 WL 2315444 (5th Cir. June 28, 2022); *Frederick v. LeBlanc*, No. 21-30660, 2023 WL 1432014 (5th Cir. Feb. 1, 2023); *Grant v. LeBlanc*, No. 21-30230, 2022 WL 301546 (5th Cir. Feb. 1, 2022); *Hicks v. LeBlanc*, 832 Fed. App'x. 836 (5th Cir. 2020).
[3] *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the February 15, 2023, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

/s/*Phyllis E. Glazer*
**PHYLLIS E. GLAZER**