UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TRAWEEK | CIVIL ACTION |
| VERSUS | NO. 19-1384 |
| MARLIN GUSMAN, ET AL. | SECTION: "G" (1) |

### Response to Defendant's Supplement Regarding *Taylor v. LeBlanc*

Currently pending before this Court is Secretary LeBlanc's Second Motion for Summary Judgment. Rec. Doc. 153. On February 16, 2023, LeBlanc filed a supplement regarding the Fifth Circuit's recent opinion in *Taylor v. LeBlanc,* --- F.4th ----, No. 21-30625 (5th Cir. 2/14/23). Rec. Doc. 175.

In *Taylor,* the Fifth Circuit noted that the "right to timely release is clearly established." *Taylor* at *2. But the panel concluded that "Taylor failed to adequately brief—and has thus forfeited—any meritorious argument that Secretary LeBlanc's behavior was objectively unreasonable in light of that right." *Id.*

In his supplement, LeBlanc claims that "[h]ere, the plaintiff—like the district court in Taylor—focused only on the deliberate indifference issue." Rec. Doc. 175 at 3.

LeBlanc is wrong. Plaintiff's brief contains an entire <u>section</u> stretching over nine pages entitled: "A factfinder could conclude that LeBlanc's actions were **<u>objectively unreasonable</u>** in light of the clearly established law." Rec. Doc. 157 at pgs. 8 to 16 (emphasis added).

Thus, Traweek has not failed to brief the issue of objective unreasonableness.

Contrary to LeBlanc's suggestion, the Fifth Circuit's decision in *Taylor* supports' Mr. Traweek's position, explaining that "it should go without saying that the government cannot hold a prisoner without the legal authority to do so, for that would 'deprive' a person of his 'liberty . . . without due process of law.'" *Taylor,* at *1.

That statement was echoed the next day in another overdetention case. On February 15,

1

2023, Judge Jackson of the Middle District of Louisiana surveyed the caselaw and concluded that "liberty—the freedom from arbitrary and unlawful restraint—is the most fundamental of all rights that our Constitution was intended to protect. Indeed, it is the right from which all other constitutional rights flow." *Buchicchio v. LeBlanc,* 22-cv-147, Rec. Doc. 38 at *13 (M.D. La., Feb. 15, 2023), *citing Dep't of Transp. v. Ass'n of Am. Railroads*, 575 U.S. 43, 75–76 (2015) (Thomas, J., concurring in the judgment); *Boumediene v. Bush*, 553 U.S. 723, 797 (2008) (observing that the most important of "freedom's first principles" is the "freedom from arbitrary and unlawful restraint"); and *Slaughter-House Cases*, 83 U.S. 36, 118 (1872) (observing that "the right of not being deprived of life, liberty, or property, without due process of law" rises "above all" other rights secured by the Constitution).

LeBlanc's Second Motion for Summary Judgment should be denied.

> Respectfully submitted,
>
> Casey Rose Denson (La. Bar. No. 33363)
> 4601 Dryades Street
> New Orleans, LA 70115
> Telephone: (504) 224-0110
> Email: cdenson@caseydensonlaw.com
>
> /s/ *William Most*_____
> Most & Associates
> William Most (La. Bar No. 36914)
> williammost@gmail.com
> 201 St. Charles Ave., Ste. 114, # 101
> New Orleans, LA 70170
> T: (504) 509-5023