UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TRAWEEK, *Plaintiff* v. MARLIN GUSMAN, ET AL., *Defendants* | CIVIL ACTION NO. 2:19-cv-01384-DJP-JVM<br><br>JUDGE DARREL JAMES PAPILLION<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

**THIRD SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

During the pendency of Defendant LeBlanc's Second Motion for Summary Judgment,[1] the Fifth Circuit Court of Appeals has issued a directly relevant, published opinion in *Parker v. LeBlanc*, 21-30446 (5th Cir. 2023). Parker alleges that Defendant LeBlanc violated his "constitutional rights by misclassifying him as a sex offender and thereby illegally extending his detention in prison for 337 days past his release date." *Id.* at *1. Parker also alleges that his overdetention was part of a broader "pattern of overdetention" overseen by LeBlanc. *Id.* at 8.

*Parker* is relevant here for two reasons:

**1. The Fifth Circuit held in *Parker* that the pattern relevant to LeBlanc's liability is the broad pattern of overdetention, not a narrow look at a specific set of facts.**

In *Parker*, as in the instant case,[2] Secretary LeBlanc argued that the Plaintiff's idiosyncratic facts should not be read to fall within the broader pattern of overdetention for the purpose of alleging his supervisory liability. LeBlanc argued that there was "a meaningful distinction between

---

[1] *Id.*
[2] *See* R. Doc. 153-20 at pp. 10-14.

Parker's overdetention due to his alleged misclassification as a sex offender, as opposed to overdetention due to miscalculations of his sentence or his status being generally lost in the system." *Parker* at *8.

The Fifth Circuit disagreed, endorsing the trial court's conclusion that the relevant problem should be looked at from a higher-altitude perspective. Specifically, that "the real problem alleged in the Legislative Audit report was the Department 'not knowing when [inmates'] proper release date was' and that inmate sentences have been 'done wrong.'" *Id*.

Accordingly, the Fifth Circuit held that Parker's "complaint sufficiently alleges the Requisite 'pattern' of constitutional violations by untrained employees to establish deliberate indifference for purposes of failure to train." *Id*. at *9.

Notably, in *Parker*, the Fifth Circuit pointed to three specific factual allegations that were sufficient to allege a pattern for LeBlanc's liability:

> (1) an October 2017 legislative audit report on the Louisiana DPSC entitled "CFE Management of Offender Data: Processes for Ensuring Accuracy Department of Corrections";
>
> (2) a 2018 editorial by Senator John Kennedy and Attorney General Landry entitled, "Criminal Justice Reform Actually Hurting Public Safety," published in the newspaper "The Advocate"; and
>
> (3) testimony by DPSC employees admitting to rampant over-detention in a similar suit in Louisiana state court, *Chowns v. LeBlanc*, La. 37th JDC 26-932.
>
> *Id.* at *7.

Each of those three allegations is also present in Mr. Traweek's operative complaint. R. Doc. 83 at ¶¶ 81-83 (Oct. 2017 legislative audit); R. Doc. 83 at ¶ 75 (2018 editorial); and R. Doc. 83 at ¶

2

74 (*Chowns* testimony). Each of these is also evidenced in Mr. Traweek's opposition to summary judgment. R. Doc. 157 at pgs. 9-11.

2. **The Fifth Circuit held in *Parker* that the relevant clearly-established law is that there is a right to timely release from prison.**

In *Parker*, as in the instant matter, the plaintiff argued that the relevant clearly-established law for the purpose of qualified immunity is the premise that "There is a Clearly Established Right to Timely Release from Prison." *Parker, supra*, at *11. *Cf*. R. Doc. 157 (Opp. to Summary Judgment) at 1.

In *Parker*, as here, Secretary LeBlanc responded by arguing that "defining the clearly established right as 'timely release from prison' is overbroad." *Id*. at 12. The Fifth Circuit squarely rejected LeBlanc's position, holding that "[w]e have already rejected that argument above in the supervisory liability context, and we do so here as well." *Id*. The Fifth Circuit concluded that the "law is clear that a jailer like LeBlanc has a duty to ensure inmates are timely released from prison," and so denied qualified immunity to LeBlanc at the pleading stage. *Id*.

Plaintiff respectfully submits the *Parker* decision, attached here as "Exhibit A" as supplemental authority in further opposition to LeBlanc's Second Motion for Summary Judgment. Because of the identical arguments in *Parker* to this matter, plaintiff submits that this Court should reach the same outcome and that Defendant LeBlanc's Second Motion for Summary Judgment should be denied.

*/s/ Casey Denson*
**Casey Rose Denson (La. Bar #33363)**
**CASEY DENSON LAW, LLC**
8131 Oak Street, Suite 100
New Orleans, LA 70118
Phone: (504) 224-0110
Fax: (504) 534-3380
cdenson@caseydensonlaw.com

3

*/s/ William Most*
**William Brock Most (La. Bar #36914)**
**MOST & ASSOCIATES**
201 St. Charles Avenue, Ste. 114, #101
New Orleans, LA 70170
Phone: (504) 509-5023
williammost@gmail.com

*Attorneys for Plaintiff*