UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TRAWEEK | CIVIL ACTION |
| VERSUS | NO. 19-1384 |
| MARLIN GUSMAN, ET AL. | SECTION: "G" (1) |

**Supplement to Plaintiff's Opposition to LeBlanc's Second Motion for Summary Judgment**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Johnny Traweek, who respectfully moves this Court for an order accepting into the record on Defendant, James LeBlanc's pending Second Motion for Summary Judgment[1] the documents filed herewith.

On September 5, 2023, the U.S. Court of Appeals for the Fifth Circuit issued a published opinion in *Hicks v. LeBlanc*, 22-30184 (5th Cir. Sept. 5, 2023) ("*Hicks II*"). As the Fifth Circuit observed, *Hicks* is "yet another" case challenging Secretary LeBlanc's pattern and practice of illegally incarcerating prisoners beyond the terms of their sentences. *Id.* at *1; *see also Parker v. LeBlanc*, 73 F.4th 400 (5th Cir. 2023); *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022).

In his Second Motion for Summary Judgment, three of the four arguments that Secretary LeBlanc makes are that (1) he was not aware of any pattern of overdetention; (2) that the law of his obligation to release inmates when their sentence was complete was not clearly established; and (3) that Heck should bar Traweek's claims.[2] Thus, the *Hicks* opinion is relevant here for three reasons:

**I.    In *Hicks II,* the Fifth Circuit observes that Louisiana's overdetention is "endemic."**

The Court concludes with the following description of the state of affairs under Secretary LeBlanc:

> "There isn't always an explanation for everything." Indeed, as our Court remains plagued by claims arising from inexplicable and

---

[1] R. Doc. 153.
[2] *See* R. Doc. 157 at 2.

1

> illegal overdetention in Louisiana prisons, explanations scarcely arise, let alone satisfy scrutiny upon our review. The problem is endemic in Louisiana, where the process for calculating release dates is so flawed (to put it kindly) that roughly one in four inmates released will have been locked up past their release dates—for a collective total of 3,000-plus years.

*Id.* at *20.

This is relevant here to the pattern of overdetention that Mr. Traweek contends shows Secretary LeBlanc's deliberate indifference.

## II. In *Hicks II,* the Fifth Circuit holds that the relevant "right to timely release was clearly established well before 2017."

In *Hicks II,* this Court explains what the relevant law is for an overdetention case, and whether it was clearly established prior to 2017:

> Clear as day, the government cannot hold an inmate without the legal authority to do so, for that would "deprive" a person of his "liberty . . . without due process of law. Applying this foundational concept to carceral sentences and releases, it is clearly established that inmates have the right to timely release from prison consistent with the terms of their sentences, a holding we have long-held and repeatedly reaffirmed. Relevant here, the right to timely release was clearly established well before 2017.

*Id.* at *9. Because Secretary Leblanc argues here that "[t]he contours of the 'right to timely release' were not clearly established," the *Hicks* opinion is relevant.[3]

## III. In *Hicks II,* the Fifth Circuit holds that "*Heck* has no place here."

*Hicks II* addresses – and rejects – the *Heck* argument, holding that "*Heck* has no place here" because the lawsuit is about is whether someone was "held in *excess* of his sentence." *Hicks II* at *13-14 (emphasis in original), citing *Crittindon v. LeBlanc,* 37 F.4th 177, 185–86 (5th Cir. 2022).

*Hicks II* also addresses – and rejects – Defendant's "habeas-channeling principles" argument. The Court reasons that "*Preiser* and its progeny do not implicate the claims here because they are specifically beyond the 'core' of habeas, as Hicks' claims challenge his overdetention,

---

[3] R. Doc. 153-2 at 14.

2

and by its terms do not implicate the fact or duration of his confinement." *Hicks II* at *16-19. Thus, Defendant's *Heck* argument here is foreclosed by *Crittindon* and *Hicks II*.

Accordingly, Plaintiff respectfully submits the following authority as supplemental authority in further opposition to LeBlanc's Second Motion for Summary Judgment:

- Exhibit A: *Hicks v. LeBlanc, 22-30184 (5th Cir. Sept. 5, 2023).*

Respectfully submitted,

/s/ *William Most*_____
Most & Associates
William Most (La. Bar No. 36914)
williammost@gmail.com
201 St. Charles Ave., Ste. 2500, # 9585
New Orleans, LA 70170
T: (504) 509-5023


*/s/ Casey Denson*_____
Casey Rose Denson (La. Bar. No. 33363)
8131 Oak Street, Suite 100
New Orleans, LA 70118
Telephone: (504) 224-0110
Email: cdenson@caseydensonlaw.com